## Willard Teft v. Charles Stewart and another.

*Equity jurisprudence: Fraud: Damages: Remedy at law.* The bill in this case, the gravamen of which is that defendants combined to defraud complainant by procuring from him a deed of certain lands, upon the faith of an agreement to transfer to him an interest in a stock of goods, that they afterwards refused to carry out, which waived answer under oath and asked no relief by injunction and did not seek to get rid of the deed or to obtain the lands, but prayed substantially for a judgment for damages, is held open to the objection, which was properly and seasonably taken to it by the answers, that it did not make out a case of equitable cognizance, but one for which the remedy at law is complete and adequate.

*Equity jurisprudence: Fraud: Dealing in personal property: Damages: Remedy at law.* The principle sometimes broadly stated, that equity has jurisdiction in all cases of fraud, is subject to the limitation, where the point is

seasonably and properly made and insisted upon, which confines the jurisdiction to transactions where the mode of action, or kind of aid or relief sought, is not practicable in a court of law, but is allowable in equity; and does not sanction the right to come into equity to recover mere damages in all cases where the grievance asserted is a fraud committed by one upon another in a dealing in personal property.

*Remedy at law: Jury trial.* In this case the objection to the remedy by bill in equity is the more forcible from the fact that the case, by reason of the conflict of the proofs and the nature of the transactions, is one specifically suited for investigation by jury.

*Heard January 26 and 27.    Decided February 26.*

Appeal in Chancery from Berrien Circuit.

*Edward Bacon,* for complainant.

*George S. Clapp* and *D. Darwin Hughes,* for defendants.

GRAVES, CH. J.

The real grievance alleged by complainant is, that defendants combined to defraud him, and the substance of the transaction, and its incidents, which he relates at much length, may be stated from the bill as follows:

The defendant Stewart resided in St. Joseph, Berrien county, and owned a stock of goods, including a quantity of boots and shoes. This property was at Bangor, Van Buren county, and was valued by Stewart at some fourteen thousand dollars, and he wished to sell it. One Sherwin, residing in Illinois, owned a tract of about two hundred acres of land in Berrien county, which he desired to dispose of. Complainant was an acquaintance of Sherwin, and after some negotiations it was agreed between the different parties, that Stewart should transfer to complainant the boots and shoes and one-half of the remainder of the stock, and that complainant, in consideration thereof, should procure Sherwin, upon certain terms agreed on between Sherwin and complainant, to convey the land to Stewart, but subject to an existing mortgage on it of one thousand dollars; that Carroll should buy the remaining half of the stock of Stewart, at two thousand five hundred dollars;

that complainant in a few days received from Sherwin the deed going to Stewart, and called on the latter to deliver it and get possession of the boots and shoes and his share of the other goods; whereupon Stewart stated that complainant would have no trouble about the goods, as Carroll was at Bangor, in charge of them and making an inventory; that complainant expressed himself as unwilling to deliver the deed unless Stewart would give him some writing which would assure to him his portion, as he had nothing to do with Carroll; that Stewart then stated his readiness to give such a paper, and one Devoe, a brother-in-law of complainant, being present, it was arranged that the writing should run to Devoe instead of complainant; although, as was understood, complainant was solely interested; that Stewart then made a bill of sale to Devoe of the boots and shoes, and half of the rest of the stock, and added an order to Carroll to make delivery; that complainant then gave up the deed to Stewart, who subsequently put it on record, and Devoe received the bill of sale and order, and proceeded to Bangor for the property; that complainant and Devoe then called on Carroll for it, when he refused to deliver any of it, or to allow any of it to be taken, and claimed the whole in virtue of a purchase by himself of Stewart; that complainant succeeded in getting a part of the boots and shoes, but was precluded by Carroll from getting any thing more; that complainant discovered, after this claim by Carroll, that subsequent to the conclusion of the terms of the bargain as before mentioned, but before the delivery of Sherwin's deed to Stewart, and the making of the bill of sale and order by Stewart to Devoe, Carroll and Stewart had fraudulently, and without complainant's knowledge, and with intent to cheat him, made an arrangement by which Stewart had given a bill of sale of the whole property to Carroll, and had taken back a mortgage on it for two thousand five hundred dollars; that complainant had neither knowledge nor notice of this trans-

action when the deed was delivered to Stewart, and the bill of sale and order received from him, and first became aware of it when Carroll refused to allow any thing to be taken; that Stewart and Carroll refused to recognize any right of complainant in or to the property, and refused to allow him to have any of it; that Stewart and Carroll, or one of them, have converted a portion of it and appropriated the proceeds, and mixed with the rest of the old stock other goods since procured; that Devoe has assigned to complainant, but that Stewart and Carroll wholly deny his right.

The bill waived answer on oath, and asked no preliminary or final relief by injunction. Neither did it seek to get rid of the deed made to Stewart, or to obtain the land conveyed by Stewart to complainant.

The defendants answered separately, and denied the fraud charged, and most of the material matter tending to show the grievance alleged in the bill. Their account of the transaction was in substance, that complainant was not known to Stewart in the transaction as vendee, or as a party in any way to the trade concerning the goods, and that Carroll was sole vendee.

They further explicitly claimed that the bill did not make a case of equitable cognizance, and insisted that his remedy, if any, was at law.

Proofs having been taken, the court on final hearing decreed that the defendants, within forty days after the 11th of August, 1874, should pay to complainant, or his solicitor, two thousand nine hundred and fifty dollars, with interest from that date at seven per cent., together with complainant's costs, and that he should have execution therefor. The defendant Stewart thereupon appealed, whilst the defendant Carroll acquiesced in the decree.

It appears to me quite impossible, in the face of the objection taken and insisted on, to sustain this decree without sanctioning the right to come into equity in all cases to

recover damages where the grievance asserted is a fraud committed by one upon another in a dealing in personal property.

If the right contended for and carried out by the decree can be maintained, no reason is perceived why, upon the same principle, a party claiming to have been cheated in a horse trade, or in a purchase of any chattels where the amount is sufficient, may not at his election proceed to sue in chancery for damages, and preclude an investigation before a jury.

The principles and course of practice of the court are, however, not in harmony with any such procedure.

It is admitted that the books commonly say that equity has jurisdiction in all cases of fraud, but every one knows that the proposition is not to be accepted literally. It must always be understood in connection with the genius and specific remedial powers of the court. These confine it absolutely to civil suits. They also confine it, when the point is seasonably and properly made and insisted on, to transactions where, in consequence of the indicated state of facts, there appears to be ground for employing some mode of action, or some kind of aid or relief not practicable in a court of law, but allowable in equity.

In the present case no injunction was called for, and there was no ground for discovery, and no discovery was sought, as the bill waived an answer on oath.

No claim was set up to have the deed from Sherwin to Stewart set aside, or to have the land conveyed to complainant, and no case is made to warrant such a claim, since the bill contains nothing to show that third persons may not have acquired interests on the faith of Stewart's title.

Indeed, no circumstances are set forth to call specially for equitable intervention or for any assistance or mode of redress peculiar to chancery procedure.

The facts as given, and the case as shaped, point to just

the action and relief peculiar to a court of law. They look to a single judgment for damages, and nothing else.

The case, then, was really of legal, and not in strict propriety of equitable cognizance.

The objection was timely made and urged, and complainant was bound to regard it; and unless it is to be maintained that in all cases standing on the same principle a complaining party is to be allowed by his election to try in chancery, and prevent an investigation by jury, the point made by appellant must be sustained, and in my judgment it should be.—*Story's Eq. J.,* §§ *72, 73, 74; 1 Spence Eq. J., 691 to 700; Adams' Eq., Introduction, pp. 57, 58; Shepard v. Sanford, 3 Barb. Ch. R., 127; Bradley v. Bosley, 1 Barb. Ch. R., 125; Monk v. Harper, 3 Edw. Ch. R., 109; Pierpont v. Fowle, 2 Wood. & M., 23; Vose v. Philbrook, 3 Story C. C., 335; Insurance Co. v. Bailey, 13 Wall., 616; Hipp v. Babin, 19 How., 271; Parker v. Winnipiseogee Co., 2 Black, 545; Jones v. Newhall, 115 Mass., 244; Suter v. Matthews, id., 253; Foley v. Hill, 2 H. L. Cas., 28; Crampton v. Varna R. W. Co., L. R., 7 Ch. Ap., 562; 3 Eng., 509; Hoare v. Bremridge L. R., 14 Eq. Cas., 522, 3 Eng., 824,* cited by *Lord Hatherly* with approbation in *Ochsenbein v. Papelier, L. R., 8 Ch. Ap., 695, 6 Eng., 576; Kemp. v. Tucker, L. R., 8 Ch. Ap., 369, 5 Eng., 596; Warne v. Morris, C. & B. Co., 1 Halst., 410; Haythorn v. Margerew, 3 Halst., 324.*

There would be more reason than there is for *wishing* to escape from the objection noticed, if complainant's version of the affair was placed by the proofs beyond fair controversy; but it is not. The evidence is extremely conflicting in regard to the true nature of the transaction, and there is room for arguing in favor of the theory advanced on each side. The case is, then, specifically suited for investigation by jury, where the witnesses can be seen and their trustworthiness be better understood.

I think that, so far as the defendant Stewart is con-

cerned, who alone has appealed, the decree should be reversed, and the bill dismissed, with his costs of both courts, but that the dismissal should be without prejudice to any proceedings at law against him the complainant may think proper to take.

CAMPBELL, and COOLEY, JJ., concurred.

CHRISTIANCY, J., did not sit in this case.