## Charles Mears v. Henry Howarth.

*Equity jurisprudence:  Taxes:  Personal property:  Injunction.*    Equity will not interfere to restrain the collection of a tax upon personal property, the remedy at law being ample and plain.

*Submitted on briefs April 11.    Decided April 18.*

Appeal in Chancery from Oceana Circuit.

MEARS *v.* HOWARTH.

*Standish, Rutherford & Hubbard,* for complainant.

*Rice, Ambler & Montgomery,* for defendant.

MARSTON, J:

Complainant filed his bill to be relieved from the collection of certain alleged illegal taxes, alleging that the supervisor had assessed his lands higher in proportion than other lands of like value in the same township. He also alleged that he was, and had for a long time been a resident of Lincoln, Mason county, and that the treasurer of the township of Golden, Oceana county, had assessed his personal property in that township; that the same was not subject to assessment in the township of Golden, but was subject to and had been assessed in said township of Lincoln. The bill further alleges that he took the necessary and proper steps to have such assessments corrected, but that the supervisor refused; and he prays that the defendant, who is treasurer of the township of Golden, may be restrained from proceeding to collect such taxes. An answer was put in, and proofs taken. Upon the hearing the court below decreed that the tax assessed upon the personal property was null and void, and perpetually enjoined the collection of the same. From this decree the defendant appealed.

This case comes directly within that of *Hagenbuch v. Howard, supra, p.* 1. The complainant had a plain, adequate remedy at law, admitting the allegations in his bill to be true, in reference to the assessment of the personal property; and that is the only question in this court, the complainant not having appealed. For these reasons the decree of the court below must be reversed, and a decree entered dismissing the bill, with costs of both courts.

The other Justices concurred.