*Kent Circuit Court—In Chancery.*

## WILLIAM FROST ET. AL.

### vs.

## JOHN LEATHERMAN,

*Township Treasurer,*

### AND

## DANIEL LUTZ,

*Drain Commissioner*

## OF THE TOWNSHIP OF GAINES.

*New Tax Law—Tax Levy.*

The new tax law having made provision for hearing objections to taxes, an injunction ought not to be allowed to restrain their collection.

A tax levied under a law that is repealed or void because unconstitutional, is not a cloud upon a title, which will give a court of equity jurisdiction to set it aside.

By the Court, MONTGOMERY, J.: The bill of complaint in this cause alleges that the defendant, Leatherman, has in his possession the tax roll of the township of Gaines, and that there is a tax assessed thereon against lands belonging, in severalty, to the complainants, called a drain tax; that the complainants are apprehensive that, unless the defendant is restrained, he will return the land to the county treasurer, who will proceed to have the same sold to satisfy the tax.

The tax in question is spread to defray that portion of the expense of the construction of the drain in such township which the commissioner certified to be chargeable against the township for benefits derived by the township from the construction of the drain.

It is alleged that the tax is wholly illegal, and a preliminary injunction was granted by a circuit court commissioner to restrain the collection of these taxes.

Sufficient appears in the bill of complaint to show *prima facie*, irregularities which would render the proceedings of the drain commissioner void.

A motion is made to vacate the order allowing the injunction, upon the ground that an injunction is not an appropriate or permissible remedy to prevent the collection of a tax under the tax law of 1882.

Section 102 of that act provides that no injunction shall issue to stay proceedings for the assessment or collection of taxes under this act.

Section 42 provides that any person may pay the taxes under protest and recover from the township if it proved to be illegal, and sections 53, 54, 55, 56 and 57 provide a way for testing the validity of any tax assessed against the property of the taxpayer.

The whole scheme of the present law differs from the prior law in this very important particular, that under the present law no apparent cloud on any title can constitute any permanent cloud until the taxpayer has had his day in court.

It has been repeatedly held in this State that an injunction will not lie to restrain a tax on personality. Youngblood vs. Sexton, 32 Mich., 406; Mears vs. Howard, 34 Mich., 19. It therefore follows that the only ground upon which this injunction can be sustained is that the tax constitutes a threatened cloud upon the

title of the complainants; but it would seem to be a good answer to this claim that before the invalid tax can ripen into a title, or divest the complainants of any interest in the land, they are to have their day in court, and an opportunity to have the question of the validity of the tax judicially determined.

It would lead to endless confusion if, pending proceedings which are being taken for the purpose of enabling the parties in interest to take the judgment of this court upon the very question here raised, an injunction should issue to prevent the proper officers of the township, county or State from taking the steps necessary to bring the question before the court.

It was evidently with a view of preventing any possibility of this mischief that the Legislature enacted Section 102. It is contended by the complainants that Section 1730 of the Compiled Laws, being Section 40 of the drain law, is inconsistent with Section 102 of the tax law above referred to, and that Section 1730 has not been repealed.

The provision of section 1730 is that the collection of no tax or assessment levied, or ordered to be levied, to pay for the location and construction of any drain, shall be perpetually enjoined or declared absolutely void in consequence of any error of any officer or board in the location and establishment thereof, etc., etc., but that the court in which any such proceeding may be brought to reverse or declare void the proceedings, or to enjoin the tax levied, shall set aside the proceedings, and allow the complainant in the action to come in and show where he has been injured thereby.

It is to be observed of this section, first, that it does not, in terms, give the right to proceed by injunction, but simply provides negatively that no perpetual injunction shall issue. But were this otherwise, Section 21 of the drain law provides that as to taxes such as are in question, they should be levied as a part of the township tax for the year. They find their way on to the same roll. The proceedings to enforce the collection cannot be had except under the general tax law.

I have no doubt, therefore, that the provisions of Section 102 apply as well to the drain tax which is spread upon the general tax roll as to any other of the various taxes found thereon.

It was strongly urged by the complainants that the drain law, so called, is unconstitutional in that it provides for a drain commissioner determining arbitrarily the proportion of expense to be borne by the public, and by private persons, in advance of any exact knowledge on the part of the commissioner of the expense of constructing such drain.

It was also suggested at the hearing that the provisions of the new tax law so far conflicted with the provisions of the so called drain law as to effect the repeal of the latter by implication, and that no drain tax can now be spread or collected in this State; but if either of these views were to be adopted the complainants would not be entitled to retain their injunction, for if there be no statute authorizing the collection of any drain tax, either by reason of the unconstitutionality of the original drain law, or of its repeal by implication, the public would

necessarily know of the invalidity of any proceedings taken to enforce the collection of such tax, and such proceedings could not cast a cloud upon complainants' title. City of Detroit vs. Martin, 34 Mich., 170; Curtiss vs. City of East Saginaw, 35 Mich., 508.

So if there were no opportunity for a hearing upon the question of the validity of this tax, and the proceedings were to culminate without such hearing, yet as the complainants are entitled to pay any of the several taxes on the land, and leave unpaid this ascertained so called drain tax, it could constitute no cloud upon complainants' title if it held that there is no statute authorizing its assessment.

It follows that the order for the injunction must be vacated.

(February, 1884.)

*Maher* & *Felker* for Complainants.
*Fletcher* & *Wanty* for Defendants.