PETER C. SCADIN AND EMILY M. SCADIN V. WILLIAM
R. SHERWOOD AND PAULINA SHERWOOD.

*Mistake in abstract of title—Rescission of contract of sale—
Equity.*

The *unintentional* mistake of a register of deeds in making an
abstract, whereby it showed title in the grantee of an execution
debtor, whose title had been cut off by a sheriff's deed, will not
relieve said grantee from responsibility for representing said
abstract as correct, and thereby inducing a third party to pur-
chase the land of him ; nor will the alleged invalidity of said
execution sale aid him in the premises, as his grantee had a
right to a marketable title to the land, and cannot be compelled
to litigate such title, and, if it fails, fall back upon the covenants
in his deed.

Appeal from Kent. (Montgomery, J.) Argued July 6,.
1887. Decided October 13, 1887.

Bill to rescind a contract for an exchange of land. Com-
plainants appeal from decree dismissing bill. Decree reversed,
and one entered granting relief prayed for. The facts are
stated in the opinion.

*Birney Hoyt,* for complainants.

*Taggart & Denison,* for defendants.

CHAMPLIN, J. The bill is filed in this case to rescind a
contract for an exchange of land. The cause was heard in
the court below upon pleadings and proofs, and the bill of
complaint dismissed. Complainants appeal.

On August 7, 1885, and prior thereto, Peter C. Scadin was
the owner of lot 130 of Leonard & Co.'s addition to the city of
Grand Rapids, Michigan. There was a dwelling-house sit-
uated thereon, in which Scadin and his wife, Emily M., resided.

It was their homestead, and of the value of $1,500, and unincumbered.

Shortly prior to the day last mentioned, defendant William R. Sherwood proposed to complainants to exchange for their homestead a farm which he claimed to own, being the east half of the north-east quarter of section 30, in township 9 north, range 8 west, being in the township of Eureka, Montcalm county, Michigan, and which he stated was subject to an incumbrance by way of mortgage of $1,300.

To induce complainants to consent to the bargain, which was made at Grand Rapids, defendant William R. Sherwood stated and represented that he owned in fee and had a good title to said land; that it was not incumbered except by the $1,300 mortgage, and was worth $2,800. On complainants' request he furnished an abstract from the register of deeds of Montcalm county, and represented that it was a correct abstract of the title of said lands, and stated that it showed the condition of the title thereto, and that he got his title from Hudson J. Wakely. The abstract, so produced, upon its face appeared to corroborate the statements made by said defendant.

Complainants relied upon these representations as to title, and were induced thereby to make the exchange. They agreed upon an exchange of lands upon the terms that defendants should deed the farm subject to the mortgage, and pay complainants $200 in money, and complainants should deed the house and lot to the defendants; which was accordingly done, the deed of the farm running to Emily M. Scadin, and the city property was conveyed to William R. Sherwood, on the seventh day of August, 1885.

The testimony contained in the record before us proves that the foregoing representations as to title and value were false in all material particulars, and complainants have received substantially nothing for their house and lot. The land was

not worth the amount of the mortgage. The abstract produced was a false abstract in fact.

There had been an execution sale of this land in favor of Alfred H. Heath, as purchaser, in a suit against Hudson J. Wakely, which sale was made the twelfth day of May, 1884, and redemption of which by Hudson J. Wakely, and all persons claiming under him, had expired. The abstract produced by defendant showed a sheriff's certificate of sale, under an execution, by the sheriff of Montcalm county, to Hudson J. Wakely, on May 12, 1884, and recorded May 12, 1884; whereas it should have shown Alfred H. Heath as grantee, instead of Hudson J. Wakely. This is admitted by the answer, and is also fully proved.

But it is contended, and the proofs tend to show, that the error in the abstract was an unintentional mistake made by the register of deeds in preparing the abstract. But, if this be true, it does not relieve the transaction from fraud in fact, and the responsibility for the consequences of the error must rest upon the defendant, who by its use and aid has obtained the consummation of a bargain which he otherwise could not have obtained. The abstract contained a false statement, and the defendant has used and profited by it. It deceived the complainants, and induced them to part with the house and lot, on the reliance that they were obtaining land to which they would succeed to a clear title, subject only to the incumbrance mentioned. This was a substantial wrong, and operated to defraud them in the transaction. Heath now claims and asserts title to the land.

Defendants have introduced testimony which they claim shows that the execution sale is void, and that complainants can defeat the same in an action of ejectment, and that they must rely upon the covenants of warranty in their deed for their protection. We think complainants ought not to be compelled to litigate the title, whether it should turn out to

be good or bad. They were entitled to have a marketable title to the land in their own name at the time the bargain was closed. They did not bargain for a lawsuit, but for a clear title, and, not having obtained one, are entitled to have the bargain rescinded upon repaying the $200, and tender of a quitclaim deed from complainants, and surrender of possession of the farm; and the defendants must be decreed to convey, free and clear of all incumbrances or liens done, committed, or suffered by them, the city lot to complainants.

The decree of the circuit court is reversed, and the relief prayed for granted. A decree will be entered in accordance with this opinion. The complainants will recover the costs of both courts.

The other Justices concurred.