JOHN HANCOCK MUTUAL LIFE INSURANCE CO. v. DICK.

EQUITY JURISDICTION — CANCELLATION OF INSURANCE POLICY — FRAUD.

A bill in equity will lie to enjoin the prosecution of a pending suit at law upon a policy of life insurance, and to compel the surrender of the policy for cancellation, where the policy was reinstated during the insured's last illness, after it had been allowed to lapse for nonpayment of premiums, upon the false and fraudulent certification of the insured and his physician that he was then in as good health as when first examined upon his application for the policy.

Appeal from Wayne; Haire, J., presiding. Submitted June 16, 1897. Decided September 14, 1897.

Bill by the John Hancock Mutual Life Insurance Company against Elizabeth Dick for the cancellation of a policy on the life of one John J. Dick, and for an injunction against the prosecution of an action at law thereon. From an order overruling her demurrer to the bill, defendant appeals. Affirmed.

114 MICH.—22.

| | |
|---|---|
| 114 | 337 |
| s117 | 519 |
| 114 | 337 |
| 122 | 244 |
| p122 | 245 |
| 114 | 337 |
| 123 | 425 |
| 123 | 426 |
| 114 | 337 |
| s72NW | 179 |
| 132 | 5 |
| 114 | 337 |
| d136 | 213 |
| j136 | 216 |
| j136 | 217 |
| f136 | 405 |
| 114 | 337 |
| f143 | 150 |
| e143 | 155 |
| e143 | 156 |
| e143 | 157 |
| 143 | 158 |
| 143 | 159 |
| 143 | 162 |
| f143 | 286 |
| f144 | 217 |
| f144 | 219 |
| 114 | 337 |
| f149 | 561 |

*Alfred Russell*, for complainant:

In support of the equitable jurisdiction, counsel cited: *Stewart* v. *Railway Co.*, 2 DeG., J. & S. 321; *Wheeler* v. *Bank*, Har. Ch. 449; *Wales* v. *Newbould*, 9 Mich. 45; *Wright* v. *Hake*, 38 Mich. 525; *Wyckoff* v. *Sewing Machine Co.*, 43 Mich. 309; *Tompkins* v. *Hollister*, 60 Mich. 470; *Brown* v. *Kalamazoo Circuit Judge*, 75 Mich. 274; *Sherman* v. *Stove Co.*, 85 Mich. 169; *Cogswell* v. *Mitts*, 90 Mich. 353; *Railway Co.* v. *Miller*, 91 Mich. 166; *Warren* v. *Holbrook*, 95 Mich. 185.

*Philip T. Van Zile*, for defendant.

HOOKER, J.   The complainant's bill alleges that:

1. The complainant issued a life policy of $2,000 on the life of John J. Dick, payable to the defendant, wherein it was stipulated that, if any installment should not be paid when due, the policy should be void, except as to its paid-up value.   The company was accustomed to accept past-due installments, and to reinstate the policy, provided the insured would furnish a proper certificate of good health; said certificate stating further that the insured agrees that the payment is received and policy reinstated on condition of the truth of such certificate.

2. This practice was followed by Dick, who defaulted habitually.

3. January 8, 1896, an installment became due, notwithstanding two notices to pay, and the policy lapsed, except for its paid-up value.

4. Thirty-eight days after default, Dick became ill, and died within 48 hours.

5. "He called his family doctor that day, Dr. Judson, to attend him; and the same day Dick's son, learning of his father's illness and of the physician's visit, went to the company's agent, and, concealing the facts of illness and doctor's attendance, offered to pay up.   The agent, suspecting nothing, said a health certificate must be furnished, and handed the son a printed form, which insured signed; and on the same 18th of February the son's wife took the form, which was signed by the patient, to the

physician, to get his name as a witness, although he had not seen the insured sign. The physician signed the attestation, and added the words, 'Physician of Family,' and the next morning, February 19th, the son took the certificate and money to the agent, who received same, and gave receipt reinstating the policy."

Copy of certificate:

"DETROIT, Mich., Feb. 18, 1896.

"I, John J. Dick, of Detroit, Mich., being the person whose life is insured under policy No. 28,251 in the John Hancock Mutual Life Insurance Company, do hereby certify that I am in as good health as when first examined on my application for said policy, and that my family record is unchanged. I also understand and agree that the payment of premium due January 8, 1896, is received, and said policy is now reinstated, by said company, on condition of the truth of the above statement.

[Signed]     "JOHN J. DICK.

"Witness: ——.

"Note any change in family record below.

"I witness the above.

[Signed]     "H. C. JUDSON, M. D.,
"Physician of Family."

The next day, February 20th, the insured died of the said illness.

6. "The bill charges that the representations in the certificate were false, and were known to be so by the insured, his son, his son's wife, and his physician; and that they confederated to defraud the company by preparing and delivering the certificate to the agent, with intent, by means thereof, to procure the acceptance of the past-due quarterly premium; and that the agent relied on the false certificate, and accepted and receipted for the money in ignorance of the facts.

7. "April 11, 1896, the agent, having ascertained the fraud, tendered the quarterly premium back, and also the paid-up value, and offered to pay the same (and same is paid into court). Defendant refused the tender, and has sued the company at law in Wayne circuit court, although she is bound, in equity, to surrender the policy and receipt.

"Prayer: To declare the policy void (except for paid-up value), and that it may be delivered up to be canceled; and that the receipt reinstating policy, so obtained by fraud, be delivered up; and for a preliminary and final injunction against the prosecution of the suit at law."

8. Action was commenced on the policy, and was enjoined in these proceedings pending the suit.

This bill was demurred to (1) for want of equity; (2) because a legal remedy exists. The demurrer was overruled, and the defendant has appealed from the order.

There is no doubt that the alleged fraud, if proved, should defeat the claim of the plaintiff to any sum beyond the paid-up value of the policy in a court of law. Such court could not, however, have canceled or compelled the surrender of the renewal receipt, though there is force in the suggestion that such cancellation would be of little importance after an adjudication that it was void. It is urged that the case falls within the general rule that equity has no jurisdiction where there is an adequate remedy at law, especially when the latter has been resorted to by the opposite party. Counsel for defendant cites two cases[1] decided by the federal courts, which sustain his contention, under circumstances closely resembling the situation in this case. These decisions are based upon the 16th section of the federal judiciary act, which provides that "suits in equity shall not be sustained in the courts of the United States in any case where a plain, adequate, and complete remedy may be had at law." Rev. Stat. U. S. § 723. We have no similar statute, and we are cited to several cases which sustain the jurisdiction of chancery, even after action at law is commenced. These cases will be found collected in the complainant's brief, and they seem to rest upon two grounds: (1) That the jurisdiction is concurrent in cases of fraud; (2) that the equity courts may grant more complete relief, where an instrument is fraudulently obtained, by compelling

[1] *Insurance Co.* v. *Bailey*, 13 Wall. 616; *Ætna Life Ins. Co.* v. *Smith*, 73 Fed. 318.

cancellation or surrender, and by rendering equitable relief.   As counsel suggests, there are cases which, to some extent at least, may seem to militate against this theory; but they do not appear to have been so considered by the court.   See *Bay City Bridge Co.* v. *Van Etten,* 36 Mich. 210; *Shaw* v. *Chambers,* 48 Mich. 358; *Teft* v. *Stewart,* 31 Mich. 367.   *Shaw* v. *Chambers* was an ejectment case, and the only ground of equitable jurisdiction was an alleged estoppel *in pais.*   This was disposed of on the well-settled rule (in Michigan) that titles to land cannot rest on estoppel *in pais,* and nothing remained but a legal defense.   In *Teft* v. *Stewart* a jurisdiction was invoked for chancery so broad that Mr. Justice GRAVES said, in disposing of the case:

"It appears to me quite impossible, in the face of the objection taken and insisted on, to sustain this decree without sanctioning the right to come into equity in all cases to recover damages where the grievance asserted is a fraud committed by one upon another in a dealing in personal property.   If the right contended for and carried out by the decree can be maintained, no reason is perceived why, upon the same principle, a party claiming to have been cheated in a horse trade, or in a purchase of any chattels, where the amount is sufficient, may not, at his election, proceed to sue in chancery for damages, and preclude an investigation before a jury."

We must therefore consider the question settled in this State in accord with complainant's claim.   We see no occasion to disturb the order of the circuit court in chancery, which is therefore affirmed.

The other Justices concurred.