GERYCZ *v.* ZAGALSKI.

1. WITNESSES — MATTERS EQUALLY WITHIN KNOWLEDGE OF DE-
CEASED.

> In a suit against a husband and wife to set aside a deed
> for fraud and failure of consideration, where defendant
> husband died before the hearing and the case was defended
> by his widow as survivor, the trial judge properly held
> that plaintiffs were precluded by the statute from testi-
> fying to facts which, if true, were equally within the
> knowledge of the deceased.[1]

2. CANCELLATION OF INSTRUMENTS—DEEDS—FAILURE OF CONSIDERA-
TION—EQUITY.

> Where the only consideration moving to plaintiffs for a
> deed of their home was the assignment of a land contract
> for the purchase of a farm, which was at the time in de-
> fault, a court of equity is justified in setting aside said
> deed for failure of consideration.[2]

Appeal from Wayne; Jayne (Ira W.), J.     Sub-
mitted January 15, 1925.     (Docket No. 97.)     De-
cided April 3, 1925.

Bill by John Gerycz and another against Cheslaw
Zagalski and another to set aside a deed.     From a
decree dismissing the bill, plaintiffs appeal.     Re-
versed, and decree entered for plaintiffs.

*Ernest N. Pappas,* for plaintiffs.

*Howard H. Campbell (Hollis Harshman,* of counsel),
for defendants.

FELLOWS, J.     Plaintiffs John Gerycz and Mary
Gerycz are husband and wife.     They filed their bill
February 1, 1922, against Cheslaw Zagalski and

---

[1]Witnesses, 40 Cyc. p. 2312; [2]Cancellation of Instruments, 9 C.
J. § 35 (1926 Anno).

Josephine Zagalski, who were also husband and wife, seeking to set aside a deed made by plaintiffs of their homestead in the city of Detroit to the defendants on January 7, 1922.    The bill alleges fraud in procuring the deed and failure of consideration, the latter claim being more fully elaborated by an amended bill later filed.    Before the hearing defendant Cheslaw Zagalski died and the case was defended by his widow as survivor.    The trial judge properly ruled that plaintiffs were precluded by the statute from testifying to facts which, if true, were equally within the knowledge of Cheslaw Zagalski and the case finally went to the court upon the question of failure of consideration.    At the close of the proof the trial judge was quite emphatic in his opinion that the testimony of the witness John Holeva was true and that it sustained plaintiffs' right to the relief prayed.    Some months later, however, in a written opinion he concluded that too much dependence could not be placed on the testimony of this witness, in view of some contradictory testimony, and dismissed the bill.

A careful reading and re-reading of this record convinces us that the views of the learned trial judge at the close of the proofs and when all of the testimony and the appearances of the various witnesses were fresh in his mind was the correct view of the facts, and that defendants obtained plaintiffs' home without passing to them anything of value.    We shall not review all of the conflicting testimony but will state such of the facts as we are satisfied the preponderance of the evidence establishes.    The only consideration which it can be claimed moved to the plaintiffs in the transaction was the assignment to them of the vendees' interest in a land contract for a farm in the township of Sumpter, Wayne county.    This contract was executed by one Gay as vendor and John Holeva and his wife as vendees; it provided for semi-annual payments of $150 and interest; it had been assigned

to defendants by Holeva and wife.     But the defendants, when the transaction here involved took place, were in default in their payments on the Sumpter township farm; Holeva never surrendered possession of the farm to defendants; either he was always in possession personally because of their failure to carry out their agreement or took possession personally after defendants' default, claiming a right thereto and forbade plaintiffs going on the place.     There is no disagreement upon the question of defendants' default in payments on the Sumpter farm; there is no claim that they made any payments on it at all; the disagreement in the testimony grows out of facts relating to a house in Highland Park, the vendees' interest in which was assigned by defendants to Holeva.     He claims that this house was never turned over to him, that he received no rent from it and claimed that defendants collected the rent.     The house was, as matter of fact, occupied all the while by a tenant; Holeva never received any rent from it but the same was collected by the owner of the fee instead of defendants.     Holeva claimed that he had not received anything from the Highland Park property, but we are satisfied from the testimony of the owner that he was given $100 "as a present," the owner states, to release his interest; he had paid $50 to the owner about the time of the assignment.     This discrepancy is, however, more apparent than real as Holeva was doubtless testifying to conditions when plaintiffs made the deal with defendants, while the owner was testifying to a transaction some months later.

Mr. Holeva may have been mistaken in some of the details having reference to the Highland Park property and his mistaken view may have been influential in prompting him to treat the deal between him and defendants at an end, but the defendants' default in making payments on the Sumpter property justified

him in so doing irrespective of the facts concerning the Highland Park property; he was in possession of the farm and no summary proceedings were necessary to obtain the possession he already had.    Plaintiffs traded their home for a farm, not for a prospective lawsuit with Holeva over a defaulted contract, the successful outcome of which was very doubtful.    We think there was such a failure of consideration as justified a court of equity in granting plaintiffs relief.

The decree will be reversed and one here entered in conformity with this opinion.    Plaintiffs will recover costs of both courts.

MCDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.