### AUSTIN *v.* ASH.

1. EQUITY—JURISDICTION—CANCELLATION OF INSTRUMENTS—MONEY DECREE.

Equity will assume jurisdiction in a suit for the rescission of a contract for an exchange of property on the ground of fraud where the cancellation of several written instruments is involved; something more than a money decree being sought.[1]

2. EXCHANGE OF PROPERTY—FRAUD—RESCISSION—GOOD FAITH.

Where plaintiffs, in an exchange of property, relied upon defendant's representations that no one else had any interest in or claim on the property they were to receive, when in fact she had given permission to another party to occupy the premises for a certain time as a condition for taking care of them, and he refused to vacate, said representations, even if made in good faith, amounted to a fraud in law, entitling plaintiffs to rescind.[2]

3. SAME—FRAUD—ELECTION OF REMEDIES—RESCISSION—DAMAGES.

When plaintiffs discovered that they had been defrauded in an exchange of property two courses were open to them, either to sue for damages, or to rescind, but they could not do both.[3]

4. SAME—DAMAGES—EXPENSES NOT ENHANCING VALUE OF PREMISES NOT RECOVERABLE.

Although plaintiffs, who chose to rescind rather than sue for damages, were entitled to a decree for rescission, they were not entitled to a decree for the expenses of the trip to Florida, where the property was located, and for their time while there, since this in no way enhanced the permanent value of the property.[4]

Appeal from Washtenaw; Sample (George W.), J. Submitted April 14, 1925. (Docket No. 81.) Decided October 1, 1925.

Bill by Alvin C. Austin and another against Emma

---

[1]Cancellation of Instruments, 9 C. J. § 4; [2]Exchange of Property, 23 C. J. § 47; [3]Id., 23 C. J. § 93; Fraud, 27 C. J. § 128; [4]Id., 23 C. J. § 99.

P. Ash for rescission of an exchange of property ·on the ground of fraud.    From a decree for plaintiffs, defendant appeals.    Modified and affirmed.

*Frank B. De Vine* and *Arthur Brown,* for plaintiffs.

*Bonisteel & Blakeslee,* for defendant.

Fellows, J.    Plaintiffs had a large students' rooming house at Ann Arbor which they were buying on land contract.    Defendant leased it of them for a period of years.    She owned property in Florida and negotiations were opened between them for an exchange of properties.    We are satisfied defendant represented that she had a clear title to the Florida property and that no one but herself had any interest in or claim on it.    Before the deal was ·closed Mr. Austin made a trip to see the Florida property, defendant paying one-half the expense; he found no one in possession of the property or claiming any interest in it; defendant exhibited to plaintiffs an abstract showing good title.    The deal was closed, plaintiffs taking the Florida property at $10,000, and defendant taking the Ann Arbor property at $25,000; this was late in August, 1923.    Soon thereafter Mr. Austin, his two sons and their wives and a grandchild started for Florida,—driving overland.    When they arrived they found a man named Rice in possession of the premises, and his negro help occupying the house and barn.    Mr. Rice showed plaintiff a letter from defendant to his wife replying to one written by Mrs. Rice for her husband in which defendant agreed that Mr. Rice should have the use of the property until June, 1924, if he would keep the growth out from the buildings.    Mr. Rice had accepted this offer by taking possession, had cut the weeds on the premises, made some improvements and put in a flowing well which he largely used to irrigate adjoining

lands, all at an expense of over $600. He declined to surrender possession of the premises although he did permit plaintiff to do some work about the grove. Mr. Austin wired the broker through whom the deal was made the situation and he took the matter up with defendant. She denied giving Rice permission to occupy the premises and wired him to vacate. Mr. Austin obtained another place for his family and remained in Florida until about Christmas time. His wife, who had remained at Ann Arbor, and the broker unsuccessfully attempted to straighten out matters with defendant and, on Mr. Austin's return, tender of all that had been received from defendant was made to her and refused. This bill for a rescission of the transaction was then filed. From a decree for plaintiffs, defendant appeals.

On behalf of defendant it is insisted that a court of equity is without jurisdiction and a motion to dismiss the bill was made on that ground in the court below. This contention can not be sustained. In the recent case of *Mulheron* v. *Henry S. Koppin Co.*, 221 Mich. 187, this court said:

"If not before, at least since the decision in *John Hancock Mut. Life Ins. Co.* v. *Dick*, 114 Mich. 337 (43 L. R. A. 566), this court has recognized the concurrent jurisdiction of the court of equity in actions involving fraud where something more than a money judgment is necessary to work out the rights of the parties. * * * But where something beyond a money decree is sought and the interposition of a court of equity is necessary to work out the rights of the parties this court has not been grudgeful in entertaining equity jurisdiction. In the instant case cancellation of a written instrument is sought and relief from a forfeiture asked. Both furnish grounds for equitable relief, and the court of equity having assumed jurisdiction will retain it to work out the rights of the parties. The plaintiffs have sought the proper forum."

So in the case now before us there is involved the cancellation of several written instruments and something beyond a money decree is sought. The case was properly brought on the equity side of the court.

Upon the facts we are persuaded that plaintiffs should prevail. The trade was made by plaintiffs in reliance upon a good title and immediate possession. It may be that defendant believed that Mr. Rice would vacate on her request and that she believed her letter did not give him any rights; but upon its most favorable construction it was an offer from her to Mr. Rice that he should have possession until June, 1924, on condition of certain things being done by him; these things and more were done by him and after the expenditure by him of over $600 in reliance upon her offer, if we treat it as such, Mr. Rice quite naturally declined to vacate. Irrespective of defendant's good faith in making the representations, they amounted to fraud in law because untrue in fact. Plaintiffs were not bound to suffer the delay incident to litigation with Mr. Rice (*Scadin* v. *Sherwood*, 67 Mich. 230; *Gerycz* v. *Zagalski*, 230 Mich. 381); a legal fraud had been perpetrated on them justifying them in rescinding the deal.

But there is one feature of the decree which can not be sustained. Rescission of the deal was decreed, and in addition plaintiffs were given a decree for the expenses of the trip to Florida including those of the two sons and their families, and for their time while there. This in no way enhanced the permanent value of the premises and should not have been allowed. When plaintiffs discovered that they had been defrauded two courses were open to them: To sue for damages, or to rescind. They could not do both. They chose to rescind. Upon the authority of *Patten* v. *Downer*, 227 Mich. 95, plaintiff's claim for the expenses of himself and his two sons and their

families and for their time should have been disallowed.

As this was a substantial sum ($2,148.02), defendant will have costs of this court. In accordance with this opinion,

The decree will be modified and affirmed.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred. WIEST, J., concurred in the result.