THE STATE ex rel. DELMAR JOCKEY CLUB et al. v. ZACHRITZ, Judge.

166    307
s65ˢᵂ 999
d184ᵁˢ 697
46ᴸᵉᵈ 764
22 ˢᶜ 940

In Banc, December 21, 1901.

1. **Injunction**: EQUITY COURTS: COMMISSION OF CRIME: FRAUDULENT LICENSES. Courts of equity have no jurisdiction to restrain the commission of crime. But they do have jurisdiction to restrain a jockey club from exercising the privilege of "book-making," "pool-selling" and "registering bets" under a license fraudulently obtained, until such licenses may be cancelled, where the statute makes the doing of such things without license a misdemeanor, and where the object of the proceeding is the cancellation of the license fraudulently obtained.

2. ———: ———: JURISDICTION. Actions of purely equitable cognizance are transitory in their nature, and the process of equity

State ex rel. v. Zachritz.

courts therein operate *in personam,* and when such acquire jurisdiction of the person they have jurisdiction of the subject-matter. So that the jurisdiction of an equity court to cancel the license of a jockey club to sell pools, etc., on the ground that such license was fraudulently obtained, can not be denied because such race course lies partly within the corporate limits of St. Louis and partly within St. Louis county.

3. **Licenses Fraudulently Obtained:** SUIT BY ATTORNEY-GENERAL: JURISDICTION OF CIRCUIT COURT: PROHIBITION. The Attorney-General has authority under the statute to prosecute a suit in the circuit court where it is such an one as can be maintained by the State. Nor can his right to do so be denied on the ground that the State has no pecuniary interest in the controversy. And whether or not the State can maintain the action is to be determined in the circuit court where it is pending, and the decision by the Supreme Court of his power to do so could not furnish a basis for prohibiting it from further exercising jurisdiction in the cause.

## *Prohibition.*

PEREMPTORY WRIT DENIED.

*John H. Overall, M. L. Clardy* and *Boyle, Priest & Lehmann* for relators.

(1) A writ of prohibition issues whenever the lower court is without jurisdiction, or is acting in excess of its jurisdiction, or in abuse of its powers, and no other remedy is available. State ex rel. v. Wood, 155 Mo. 425; Railroad v. Wear, 135 Mo. 230; State ex rel. v. Elkins, 130 Mo. 90; State ex rel. v. Hirzel, 137 Mo. 447. (2) The petition for injunction does not show that the gaming is done or the gaming house is maintained within the city of St. Louis, and the circuit court of the city was, therefore, without jurisdiction. State v. Kyle, 10 Mo. 389. (3) A court of chancery has no jurisdiction simply to enjoin gaming or the keeping of a gaming house. State v. Uhrig, 14 Mo. App. 413; State v. Schweickhardt, 109 Mo. 496; People v. District Court, 26 Colo. 386. (4) There was no jurisdiction for the cancella-

tion of licenses; for, under the averments of the petition, there were no licenses, the papers referred to being absolutely void. Railroad v. Reynolds, 89 Mo. 146; Railroad v. Lowder, 138 Mo. 533; Holland v. Johnson, 80 Mo. 34; Morgan v. Pump Co., 74 Mo. App. 159; 1 High on Injunctions, sec. 89. (5) The petition improperly joins nineteen different defendants and fifteen distinct and separate causes of action, when there is no community of interest between any two of the defendants as to any of the causes of action. (6) The issuance of the injunction order deprived the defendants of their rights and properties, without due process of law, and was therefore an abuse of judicial power.

*Edward C. Crow,* Attorney-General, for respondent.

(1) Prohibition is an extraordinary writ, issuing out of a superior court, directed to the judge and parties of a suit in an inferior court, commanding them to cease from a prosecution thereof by reason of the original cause or some collateral matter arising therein being outside of the jurisdiction of the court. 8 Mo. 252; 3 Blackstone's Commentaries, p. 112. A writ of prohibition issues from a superior to an inferior court to restrain the latter from exceeding its jurisdiction. 8 Mo. 252. It issues to an inferior court when such court exceeds its jurisdiction in a cause of which it may take cognizance no less than when it has no jurisdiction whatever. State v. St. Louis Court of Appeals, 99 Mo. 216; State v. Slover, 126 Mo. 652; State v. Withrow, 133 Mo. 500; Railroad v. Wear, 135 Mo. 230. (2) It becomes important immediately to determine what was the cause of action. The bill asks that the licenses be delivered up and cancelled and that the defendants be restrained from using the same. An equitable action will lie to cancel an instrument upon a proper showing. Upon proper showing, equity can enjoin the use of written instruments wrongfully and fraudulently

obtained and used. No doubt exists but what injunction is an equitable remedy. (3) The merits of the original proceeding will not be inquired into in a prohibition proceeding. 41 La. Ann. 963; 43 La. Ann. 1059; 105 U. S. 451. The only inquiry is, Did the court have jurisdiction of the general class of cases to which the particular case belongs, and not whether it has jurisdiction of this particular case? 104 Mo. 434; 64 Ala. 312; 116 Ala. 491; 68 Conn. 543; 45 Mo. 283. The Supreme Court can not inquire whether the lower court had jurisdiction in the particular case. "That would be to convert a writ of prohibition which proceeds upon an excess of jurisdiction into a writ of error which proceeds upon an error in the exercise of jurisdiction." 21 W. Va. 142. The right of the circuit court to cancel a paper fraudulently issued and obtained can not be denied. Whether the facts alleged in the bill are such as would authorize the court to cancel it, is a matter within the proper authority and jurisdiction of the circuit court to decide. 21 W. Va. 143; 45 Mo. 283; 34 W. Va. 336. (4) Defective averments in pleading are not ground for writ issuing. 64 Ala. 317; State ex rel. v. Railroad, 100 Mo. 59. (5) The attorney-general can institute this action. Sec. 4943, R. S. 1889; 51 Mo. 350. No property right of the State need be involved. 158 U. S. 586; 11 Howard 552; 128 U. S. 366. (6) This action is not one against the Delmar track. It is not one affecting the Delmar track as real estate. It is not a real action. Actions in replevin, attachment suits and those affecting real estate are local, all others are transitory. 48 Mo. App. 494; 42 Mo. 467; R. S. 1899, secs. 562, 563, 564; Easton v. Collier, 1 Mo. 603. The corporation sued in this case is a resident of the city of St. Louis. No presumption will be indulged that the court did not have jurisdiction. It will be contended by petitioners that the writ should not be issued to prevent the court from exercising jurisdiction over actions or parties, the subject-mat-

ter of which lie beyond the territorial limits of its jurisdiction. It must be remembered that this rule is qualified by the other principle that the writ will not lie on the ground that the court is exercising jurisdiction over parties or a subject-matter which is beyond its jurisdiction when there is another adequate remedy, as by writ of error, appeal or certiorari. Bank v. Superior Court, 83 Cal. 491; Agassiz v. Superior Court, 90 Cal. 103; State v. Malone, 23 So. Rep. 574; State v. Hocker, 33 Fla. 283; Moore v. Superior Court, 64 Cal. 345; 19 Abbott's Practice Rep. (N. Y.), 136; 35 Minn. 178.

BRACE, J.—This is an original proceeding, by petition, for a writ of prohibition against the defendant, one of the judges of the St. Louis City Circuit Court, prohibiting him as judge of said court, from the further exercise of any jurisdiction in the case of the State of Missouri ex rel. Edward C. Crow, Attorney-General, against the relators. The return of the defendant to the preliminary order is a demurrer to the petition, and a motion for judgment thereon, denying the writ, on the ground that it therein appears that the said circuit court had jurisdiction of the persons and of the subject-matter of said suit, and it does not appear that said court has exceeded its jurisdiction, or that it intends to do so.

It appears from the petition that on August 27, 1901, suit was instituted in the St. Louis City Circuit Court in the name of the State, by the Attorney-General, against the relators, by petition, in the nature of a bill in equity, the gravamen of the complaint in which was in substance that the defendant on August 6, 1901, wrongfully, fraudulently and surreptitiously obtained from one Stephen C. Rodgers, fifteen licenses, numbered from 446 to 460, inclusive, and signed by Albert O. Allen, State Auditor, authorizing the defendants, respectively therein named, to "make books," "sell pools" and "register bets" under the provisions of article 2, chapter 105, Revised Statutes 1899, on races to be run on Delmar Race

Track on forty-seven days therein specified between said date and September 28, 1901, inclusive. That said licenses were issued to said defendants without authority of the said Auditor. That defendants by virtue of said fraudulent licenses and under color of same are engaged in making books, selling pools, and registering bets on the Delmar Race Track, which is partly in the city of St. Louis and partly in the county of St. Louis, and threaten to continue so doing until said last-mentioned date, wherefore plaintiff prayed that the defendants be required to bring said fraudulent licenses into court for cancellation, and that in the meantime they be enjoined from making books, selling pools, and making bets on said race track by virtue and under color of authority of said licenses, and that such injunction be made perpetual on final hearing.

In answer to a rule to show cause why a temporary injunction should not be granted on said bill, the defendants therein on August 30, 1901, appeared and filed a demurrer thereto, which having been argued by counsel for the respective parties, was taken under advisement until September 3, 1901, when, without passing on the demurrer, the defendant therein, judge of said court, granted a temporary injunction restraining the defendants therein (relators herein) until further order, "from making books, selling pools, registering bets and making wagers on the Delmar Race Track located in the city and county of St. Louis, by virtue and authority, and under color of certain alleged pretended licenses dated August 6, 1901, and being numbered from 446 to 460, inclusive, and that the defendant the Delmar Jockey Club be enjoined and restrained until further order of this court from permitting any person or persons to engage in the avocation of book-making, pool-selling, or registering bets on horse races, run on said race track, or betting or gambling on said track by virtue and authority of the licenses aforesaid." And on September 6, 1901, the preliminary order for prohibition was issued by a judge of this court.

(1) By article 2, chapter 105, Revised Statutes 1899, "book-making," "pool-selling," and "registering bets" on horse races, without a license issued under the provisions of that article by the State Auditor, is made a misdemeanor punishable by fine or imprisonment or both. If the purpose of the suit instituted in the St. Louis City Circuit Court by the Attorney-General had been to restrain the defendants from the commission of that offense, the court would have been without jurisdiction, courts of equity having no jurisdiction to restrain the commission of crime. But such was not the character of that action, the object of which was the cancellation of licenses obtained by fraud, and the restraint, in the meantime, of the exercise of privileges thereunder. It was not sought to restrain the defendants from "book-making," "pool-selling," and "registering bets" *without a license,* which is a crime, but to restrain them from so doing *under a license* which is no crime, and in harmony with this purpose is the temporary injunction issued therein, restraining the defendants from doing these things "by virtue and authority and under color of the license" alleged to have been fraudulently obtained.

(2) It appears from the petition that the race course on which the licenses authorized the book-making, etc., to be carried on, was partly in the county of St. Louis, and hence it is argued that the circuit court of the city of St. Louis had no jurisdiction. There is nothing in this contention. The action is one of purely equitable cognizance. Such actions are transitory in nature, and the process of the courts of equity therein operate *in personam,* and when such courts acquire jurisdiction of the person, they have jurisdiction of the subject-matter. [Olney v. Eaton, 66 Mo. 563.]

(3) It is next argued that the action can not be maintained by the Attorney-General. By section 4943, Revised Statutes 1899, it is provided that "the Attorney-General shall be, and he is hereby authorized and empowered in the name and in behalf of the State of Missouri, to institute and pros-

ecute all suits and other proceedings at law and in equity, requisite or necessary to protect the rights and interests of the State, and to enforce any and . all rights, interests or claims of the State against any and all persons, bodies politic or corporate." It would seem, on the face of the statute, that there can be no doubt as to the authority of the Attorney-General to prosecute the action if it is such an one as can be maintained by the State, whose right to do so, however, is questioned on the ground that it has no pecuniary interest in the controversy. The licenses provided for by article 2, supra, are State licenses, issued by State officers, and the tax levied thereon paid into the State treasury, and it may well be that the State has a direct pecuniary interest in the suppression and cancellation of licenses surreptitiously obtained from its officers. Be that as it may, it would not follow that the action could not be maintained because the State had no pecuniary interest to be protected. As was said by Mr. Justice BREWER in In re Debs, 158 U. S. loc. cit. 584: "Every Government, entrusted, by the very terms of its being, with powers and duties to be exercised and discharged for the general welfare, has a right to apply to its own courts for any proper assistance in the exercise of the one and the discharge of the other, and it is no sufficient answer to its appeal to one of those courts that it has no pecuniary interest in the matter. The obligations which it is under to promote the interest of all, and to prevent the wrongdoing of one resulting in injury to the general welfare, is often of itself sufficient to give it a standing in court." [See also United States v. San Jacinto Tin Co., 125 U. S. 273; United States v. Bell Telephone Co., 128 U. S. 315; State of Indiana v. Ohio Oil Co., 150 Ind. 21, 47 L. R. A. 627; State v. Saline County, 51 Mo. 350.] Moreover, whether the State can maintain the action is a question to be raised and determined in the court where the case is pending; it does not go to the power or jurisdiction of the court, and its decision here could not furnish a basis for prohibition. [Wilson v.

Berkstresser, 45 Mo. 283; Bowman's Case, 67 Mo. 146; State ex rel. v. Southern Ry. Co., 100 Mo. 59; State ex rel. v. Withrow, 108 Mo. 1; State ex rel. v. Scarritt, 128 Mo. 331.]

The St. Louis City Circuit Court being a court of general equity jurisdiction, and the case of the State at the relation of the Attorney-General against the relators pending therein, being within the jurisdiction of that court, and no good reason having been shown why the defendant, as judge thereof, should be prohibited from proceeding therein in due course, the peremptory writ of prohibition will be denied, the rule herein discharged, and judgment entered in favor of the defendant against the petitioners for costs.

*Burgess, C. J.,* and *Sherwood, Robinson, Marshall* and *Valliant, JJ.,* concur; *Gantt, J.,* dissents.