ROBERTS *v.* SHOLES.

144  215|
,p146  169|

CANCELLATION OF INSTRUMENTS—FRAUD—EQUITABLE REMEDY.

A bill alleging that complainant employed defendant as attorney to procure for him an outstanding title to certain land which complainant had previously sold by warranty deed, and that defendant fraudulently and collusively procured the transfer of the title to a third person, who afterwards transferred to defendant's partner, who in turn conveyed to complainant for a price much in excess of that which defendant had paid, states a case which entitles complainant to the equitable remedy of cancellation of the note given by complainant to the defendant's partner as a part of the purchase price.

Appeal from Sanilac; Beach, J. Submitted February 2, 1906. (Docket No. 92.) Decided May 24, 1906.

Bill by William Roberts against Albert S. Sholes, Charles F. Gates, and Frederick C. Ballard to establish complainants' title in certain land, and to restrain the prosecution of an action at law. From an order overruling a demurrer, defendant Ballard appeals. Affirmed.

*Avery & Walsh* (*E. C. Babcock*, of counsel), for complainant.

*Frederick C. Ballard*, in pro. per.

McALVAY, J. This is an appeal from an order overruling a demurrer. Complainant in his bill of complaint alleged: That in March, 1896, he obtained from the auditor general a State tax deed for delinquent taxes for 1891-92, of certain land in Sanilac county, and caused the same to be duly recorded. That he went into possession after his purchase and began clearing and improving the land, which at that time was valued at $650, and is now of the value of $1,000. The original title of record of

this land was in four persons, named Fulton, of Canada. That after such purchase complainant consulted defendant Gates, an attorney, concerning the validity of his title, and was advised by him that it was a perfect title, and he would be safe in giving a warranty deed thereof to one Mary Van Marter, a purchaser with whom he had been negotiating. That, relying on such advice, he sold to her by warranty deed. That the owners of the original title threatened proceedings to get possession of the premises, claiming the tax deed was not valid, and thereupon complainant consulted with and employed Gates as his attorney to protect his interests. Afterwards, by reason of certain decisions of this court made at that time, he was advised by Gates that the title under said tax deed was doubtful, and, to protect his warranty, it was necessary to obtain the original title, which Gates, at his request, agreed and undertook to do. That on December 20, 1899, Gates secretly and fraudulently obtained a conveyance from the Fultons to defendant Sholes. That these defendants conspired together and did this for the fraudulent purpose of compelling complainant to pay a large amount for the original title and this was done while Gates was acting as attorney for complainant in purchasing this title for him upon knowledge of facts received from him while so acting and all without his knowledge or consent. That defendant Ballard, who had entered into partnership in the practice of law with Gates, in furtherance of said fraudulent conspiracy, procured from Sholes, February 25, 1903, a quitclaim deed of this land to complainant who paid him as consideration therefor $77.50 cash, and gave him a promissory note for $425, which he was compelled to do in order to obtain the original title. At this time, when these deeds were turned over to him, complainant first knew that Gates had obtained the deed from the Fultons to Sholes, instead of to complainant; that but $150 was paid by Gates for this title; that no request was made by Gates for the money which complainant was ready

and willing to pay, and now offers to pay as the court may direct. Complainant alleges these transactions were a fraud upon him, and were so intended; that the title procured by his attorney, Gates, in the name of Sholes, in equity belonged to him; that the note was without consideration and fraudulently procured from him. He sets up that Ballard has sued him upon said note in Sanilac county, and the suit is now pending. He prays that the title conveyed to Sholes may be decreed to have been made for his benefit, and the same may be confirmed in him; that the note may be decreed to be without consideration and void, and to be delivered up and canceled, and the suit pending upon said note be temporarily and perpetually enjoined; and for general relief.

Defendant Ballard interposed a demurrer upon two grounds—adequate and complete remedy at law, and laches. From the facts set up in his bill, and the relief prayed for by complainant, the case clearly comes within that class of cases held by this court to entitle him to relief in a court of equity. *John Hancock Mut. Life-Ins. Co.* v. *Dick,* 114 Mich. 337 (43 L. R. A. 566); *Fred Macey Co.* v. *Macey,* 143 Mich. 138; *Hamilton* v. *American Hulled Bean Co.,* 143 Mich. 277. The record does not show that complainant has been guilty of laches.

The order overruling the demurrer is affirmed, with costs, and the cause is remanded, with permission to defendant to answer the bill of complaint in accordance with the rules of the court.

GRANT, OSTRANDER, HOOKER, and MOORE, JJ., concurred.