BEATON *v.* TOWNSHIP OF INLAND.

EQUITY — JURISDICTION — CANCELLATION OF INSTRUMENTS — AC-
COUNTING—TOWNSHIP TREASURER—RECEIPTS.

 Equity has jurisdiction of a bill by a township treasurer
 against his predecessor in office for an accounting of the
 money and funds turned over to complainant and to cancel
 a receipt for such funds if found to be, through fraud or mis-
 take, for too great a sum. OSTRANDER, J., McALVAY, C. J.,
 and GRANT, J., dissenting.

Appeal from Benzie; Chittenden, J. Submitted Janu-
ary 23, 1907. (Docket No. 100.) Decided October 4,
1907.

Bill by Henry E. Beaton against the township of In-
land and Edward Smock for a determination of the
amount received as township treasurer by complainant
from defendant Smock, for a cancellation of a receipt, and
for a determination of the amount belonging to the town-
ship in the hands of defendant Smock. From a decree
sustaining a demurrer as to defendant township, and
overruling the demurrer of defendant Smock, he appeals.
Affirmed.

Complainant is treasurer of the township of Inland.
His predecessor in office was defendant Smock. It is
alleged in the bill of complaint that the clerk of the town-
ship and defendant Smock told complainant that he should
receive from Smock the sum of $3,530.31, township funds;
that there was turned over to him by Smock in cash and
in checks $2,156.28, and in orders, receipts, and account
for returned taxes $1,374.03, which said Smock repre-
sented to be a portion of the larger amount and for which
he should have credit. Complainant gave to said Smock
a receipt for the sum of $3,530.31, ''for money and evi-
dence of money that he so received from the said Edward

Smock." After assuming the duties of the office of treasurer, complainant discovered "what he then and now believes to be an error," arising out of the fact that Smock had already received credit, as treasurer, for items going to make up the sum of $1,374.03. He reported this discovery to the township board, which entered upon an investigation, with the result that it was found complainant should have received from Smock "$3,034.16 or thereabouts," being $877.88 more than he did receive and less than he receipted for. The township board declines to take any action in the matter beyond informing complainant that it concerned himself and Smock only and it would look to complainant and his bondsmen for any money belonging to the township. It is inferentially averred in the bill that the township and the outgoing treasurer had a settlement, as the law requires, 1 Comp. Laws, §§ 2356, 2346. Whether the statement required by 1 Comp. Laws, § 2350, to be made was so made and published does not appear. The relief asked for is, a determination of the sum actually received by complainant from said Smock, the cancellation of the receipt given to Smock, determination of the sum in the hands of Smock belonging to the township. The demurrer of the township to this bill was sustained; that of defendant Smock was overruled. He has appealed from the order overruling his demurrer.

*D. G. F. Warner,* for complainant.
*Smurthwaite & Alway,* for appellant.

OSTRANDER, J. (*after stating the facts*). The court below was of opinion that complainant was accountable to the township for no more money than he received, for which reason a court of law was the proper forum in which to settle such differences, if any, as shall arise between them; that having given defendant Smock a receipt for more money than he received, complainant was entitled to a return of the receipt or the balance of funds necessary to make the receipt accord with the facts, and

that a court of equity would cancel the receipt if, upon an accounting had in that court, it appeared that by mistake or by fraud it was for too large a sum.

No case is made for an accounting. The township and defendant Smock had a settlement as the law requires and neither party to it questions it. I do not understand that after making his settlement (accounting) with the township board an outgoing treasurer relieves himself and his sureties to the extent that he succeeds in inducing his successor to believe that vouchers for which he has already received credit are uncanceled. In a suit of the township against complainant, he would be obliged to account for the money he received from his predecessor. The receipt he gave his predecessor would be, unexplained, evidence of the amount he did receive. It is mere evidence and can be contradicted or explained by parol testimony. *Johnson* v. *Insurance Co.*, 39 Mich. 33; *Vyne* v. *Glenn*, 41 Mich. 112; *Powell* v. *Powell*, 52 Mich. 432; *Hart* v. *Gould*, 62 Mich. 262. The grounds of equitable jurisdiction asserted are fraud in obtaining the receipt; inability to obtain, otherwise, immediate relief from the apparent liability evidenced by the receipt; possible inability, arising from death or lapse of time, to establish the invalidity of the receipt, when, if ever, it shall be offered to bind complainant, his estate, or his sureties. Complainant was elected to office in April, 1905. His bill of complaint was verified December 14th of that year, and the decree of the court below is dated September 14, 1906. Whether any action in the premises has been taken by the township, we are not informed. I think the mere fact that a receipt is given at the conclusion of an alleged fraudulent transaction relating to personal property is not enough to establish the jurisdiction of a court of equity to investigate the transaction for the purpose of canceling or refusing to cancel the receipt. I have found no precedent for such action. It is urged that in this case there is the additional fact that complainant may not himself attack the transaction in a suit at law but must await at-

tack. I think this fact is insufficient to support equity jurisdiction in this case. Complainant notified the township of the claim he makes. The township has discredited the receipt so far as the amount therein stated is concerned. It seems to me, therefore, that the receipt was explained to the township authorities before the bill was filed, apparent effect denied by complainant, and the fact that it did not truthfully evidence the actual turning over of funds by Smock was admitted by the township authorities. As the case stands, no decree binding upon the township can be entered, complainant is entitled to no money decree against defendant Smock, and the relief granted must be in any event the mere cancellation of the receipt. Without denying or discussing the jurisdiction of equity to cancel, in certain cases, a writing which might be used as evidence, where such writing has been procured by fraud (see 6 Cyc. pp. 294, 295, and notes), I am of opinion that such a case is not presented by the bill.

The decree is reversed, and a decree will be entered here sustaining the demurrer of defendant Smock, with costs of both courts. The record will be remanded and complainant will be given 30 days in which to file an amended bill if he desires to do so.

McALVAY, C. J., and GRANT, J., concurred with OSTRANDER, J.

HOOKER, J. In my opinion this case should be affirmed, being ruled by the following cases: *John Hancock Mut. Life-Ins. Co.* v. *Dick,* 114 Mich. 337 (43 L. R. A. 566); *Fidelity Mut. Life-Ins. Co.* v. *Blain,* 144 Mich. 218; *Fred Macey Co.* v. *Macey,* 143 Mich. 138, and cases cited.

CARPENTER, BLAIR, MONTGOMERY, and MOORE, JJ., concurred with HOOKER, J.