GRAGG v. MAYNARD.

1. QUIETING TITLE — CANCELLATION OF INSTRUMENTS — EQUITY
JURISDICTION—ADEQUATE REMEDY AT LAW.
A bill of complaint averring that defendant obtained, by un-
due influence and fraud, the execution of a deed to him, by
a person towards whom he sustained a confidential relation,
praying for cancellation, and asking that the deed be declared
a cloud on complainants' title, presents a case for equitable
cognizance and is not a bill to quiet title.

2. CANCELLATION OF INSTRUMENTS—FRAUD—SUFFICIENCY OF BILL
—DEMURRER.
Averments of a bill of complaint for the cancellation of a deed,
that defendant was the confidential agent of the grantor, and
employed undue influence and fraud to secure the deed, and
that the grantor was feeble in mind and body, and under the
influence of the defendant, are sufficient on general demur-
rer.

3. DEEDS—WILLS—LIFE ESTATE.
A clause in a warranty deed reserving a life estate to the
grantor, the instrument "not to become operative in any
way until her death," makes the conveyance testamentary
in character.

4. EQUITY—JURISDICTION—DEEDS—CONVEYANCE ON CONDITION.
Equity has not jurisdiction to cancel a deed testamentary in
nature, executed with due formality to constitute a will, and
may only determine its character or strike it from the record
as a deed.

5. SAME—DUPLICITY—INCONSISTENT CLAIMS.
A demurrer is not sustainable to a bill in equity for presenting
the case in a double or inconsistent manner when it avers
that a deed was obtained by fraud and undue influence, and
was executed without consideration, and was never delivered
during the lifetime of the grantor.

6. SAME—PLEADING—FRAUD.
And whether the defendant obtained the deed by fraud before
or after the death of the grantor, the averments of the plead-
ing were sufficient.

Appeal from Van Buren; Des Voignes, J. Submitted January 12, 1911. (Docket No. 75.) Decided February 1, 1911.

Bill by John A. Gragg and other heirs of Lucy M. Bangs, deceased, against Charles S. Maynard and others to annul a deed. From a decree overruling a demurrer to the bill of complaint, defendants appeal. Affirmed.

*Osborn & Mills*, for appellant.

*W. J. Barnard* and *B. F. Heckert*, for appellees.

BLAIR, J. The complainants, heirs at law of Lucy M. Bangs, filed their bill of complaint for the annulment and cancellation of a certain instrument in writing recorded by the defendant Maynard as a deed in the office of the register of deeds after the death of the said Lucy M. Bangs. The bill of complaint contains, among other averments, the following:

"Your petitioners further show unto the court that the said instrument in writing, purporting to convey the said premises as aforesaid, was never delivered to the said Charles S. Maynard during the lifetime of the said Lucy M. Bangs, and that no consideration was paid by the said Charles S. Maynard to the said Lucy M. Bangs, for and in consideration of the said purported conveyance, either in money, property, or services of any kind, name, or nature.

"Your petitioners further represent unto the court that the said Charles S. Maynard in some way procured the possession of said instrument in writing after the death of the said Lucy M. Bangs, and placed the same of record on the 14th day of January last past, knowing that the same was illegal and void and without consideration, and conveyed to him no interest whatever in the said premises. * * *

"Your petitioners further show that, for some time previous to the day of making the purported instrument in writing as aforesaid, the said Lucy M. Bangs was feeble in body and mind, and was unable to look after and transact all of her own business, and that the defendant,

Charles S. Maynard, prior to, at the time of, and subsequent to the execution of said instrument in writing, proceeded to manage the affairs, business, and property of the said Lucy M. Bangs, and thereby occupied a fiduciary and confidential relation to her, being in her employ as agent and otherwise, and that by reason of said relations to the said Lucy M. Bangs, was able to and did exercise a marked degree of undue influence over the feeble and weakened mind of the said Lucy M. Bangs, and by means of which procured from her, the said Lucy M. Bangs, the said instrument in writing, by fraud, artifice, deceit, and undue persuasion.　*　*　*

"Your petitioners further represent that the said Charles S. Maynard has, since the death of the said Lucy M. Bangs, taken possession of said premises, and is now in the control, occupation, and use of the same, and claims to be the owner thereof, to the exclusion of your petitioners, and all others interested in said property as heirs at law or otherwise of said Lucy M. Bangs."

The specific prayers for relief are as follows:

"(*b*) That the record of said purported instrument in writing, mentioned in paragraph five (5) of this bill of complaint, may be declared to be a cloud upon your petitioners' title in and to said premises, and that the same may be declared to be null and void as against the titles of your petitioners, and that said instrument in writing may be decreed to be delivered and canceled.

"(*c*) That the said Charles S. Maynard, one of the defendants herein, shall be decreed to quitclaim all of his pretended claims and interest in and to said premises, hereinbefore described in paragraph four (4) of this bill of complaint, and that in default thereof that the decree of this honorable court shall stand in lieu thereof.

"(*d*) And that the said defendant, Charles S. Maynard, shall be decreed to account for the rents and profits of said premises from and after the time he took possession of said premises described in paragraph four (4) of this bill of complaint."

The written instrument in question is made a part of the bill of complaint, and is in form a warranty deed stating the consideration to be "the sum of fifteen hundred dollars, and for care and attention given and to be given

by second party to first party." After the description of
the land the following clause is inserted:

"The said party of the first part hereby reserves unto
herself the use, income and possession of the above-
described premises, for and during the time of her natural
life, and this deed is not to become operative in any way
until her death."

Defendant Maynard demurred to the bill of complaint
upon the following grounds:

"*First.* Because all and every the matters in said com-
plainants' bill of complaint mentioned and set forth in re-
spect whereof relief is prayed, are matters which may be
tried and determined in a suit at law, and with respect to
which the complainants are not entitled to any relief in a
court of equity.

"*Second.* Because the complainants have not in and
by said bill of complaint set forth or pleaded any such
facts or case as do or ought to entitle them to any relief on
account of the matters pleaded in and by the ninth para-
graph of said bill of complaint or the bill of complaint as
a whole.

"*Third.* Because said bill of complaint does not make
out or set forth any case of equitable cognizance."

The demurrer was overruled and defendant Maynard
has appealed to this court.

The demurrer was properly overruled. The bill is not
a bill to quiet title, but to procure the annulment and can-
cellation of the alleged deed upon the ground that it was
obtained by fraud. The bill is, therefore, sustainable
under well-recognized heads of equity jurisdiction. *King*
v. *Carpenter*, 37 Mich. 363; *John Hancock, etc., Ins.
Co.* v. *Dick*, 114 Mich. 337 (72 N. W. 179, 43 L. R. A.
566); *Beaton* v. *Township of Inland*, 149 Mich. 558
(113 N. W. 361).

As against a general demurrer, the bill sufficiently
charges fraud. *Greenley* v. *Hovey*, 115 Mich. 504 (73
N. W. 808); *Smith* v. *Boyd*, 127 Mich. 417 (86 N. W.
953).

The brief in support of the demurrer treats the instru-

ment in question as a deed, and, so treated, the equitable jurisdiction is unassailable. The instrument appears upon its face, however, to be testamentary in character, and if the evidence should demonstrate that it was executed with the statutory formalities, the jurisdiction of equity might fail, except, perhaps, as to determining the character of the instrument and striking it from the record of deeds. 22 Enc. Pl. & Prac. p. 1218–V.

Neither do we think the demurrer should be sustained upon the ground that "the petition in view of its allegations presents the case in a double aspect and is not consistent." *Hart* v. *McKeen,* Walk. Ch. ( Mich. ) 417.

The ultimate fact alleged in the bill is that the defendant obtained possession of the instrument by fraud, and the decree would be precisely the same whether he obtained it by fraud before or after the death of Mrs. Bangs.

The order overruling the demurrer is affirmed, with leave to answer in accordance with the rules and practice of the court.

MOORE, McALVAY, BROOKE, and STONE JJ., concurred.