ANDREWS *v.* AUER.

1. INTOXICATING LIQUORS — CITIZENSHIP OF SALOONKEEPER — INJUNCTION AGAINST SALOON—EVIDENCE.

On testimony showing that defendant had admitted he was not a citizen of this country, that he had applied for second naturalization papers, but had been unable to secure them in time to aid his application for license as retail liquor dealer, and that he had made application therefor under oath, stating that he was a citizen of the United States, it is found, on appeal, that he was not naturalized and had committed fraud in his application.[1]

---

[1] On the question of discrimination against aliens, by statute or municipal ordinance imposing license or occupation tax, see note in 40 L. R. A. (N. S.) 281.

2. EQUITY — INJUNCTION — JURISDICTION — FRAUD — INTOXICATING
LIQUORS.
   While equity has no jurisdiction to restrain the commis-
   sion of a crime, a bill in the nature of an information,
   filed by the prosecuting attorney on relation of certain
   taxpayers, to restrain an alien from engaging in the
   business of selling intoxicating liquors at retail is within
   the equitable jurisdiction of the court: licenses, etc., pro-
   cured by fraud from State officials or boards are subject
   to cancellation in equity.

3. SAME—PARTIES—PROSECUTING ATTORNEY.
   The public prosecutor, authorized by the attorney general
   to commence suit, was a proper moving party.

Appeal from Berrien; Bridgman, J. Submitted
January 7, 1913. (Docket No. 19.) Decided Octo-
ber 1, 1913.

Bill in the nature of an information by William H.
Andrews, prosecuting attorney of Berrien county, on
the relation of Judson Webber and another against
Rupert Auer for the revocation of a liquor license.
From a decree for defendant, complainant appeals.
Reversed.

*Roger I. Wykes,* Attorney General, and *Coolidge,
Riford & White,* for complainant.

*Burns & Hillman, O'Hara & O'Hara,* and *Tormey
& Skinner,* for defendant.

STONE, J. This cause was commenced by an in-
formation in the nature of a bill in equity filed by
the prosecuting attorney of Berrien county, on the
relation of certain property owners of the city of
Niles in that county, praying for an injunction to
restrain the defendant from continuing the retail
liquor business in the city of Niles, and that his li-
cense be canceled and surrendered.

It appears that the defendant made the usual ap-
plication under oath for a license to engage in the

retail liquor business at 119 Main street, Niles, on March 12, 1912, in which application it was expressly stated that defendant was at the time a citizen of the United States, and of the State of Michigan, and that his residence was at the number and street above stated. A license was issued to defendant by the county treasurer for the year beginning May 1, 1912, and defendant accordingly engaged in the retail liquor business at the place named in the application, where he so continues to conduct the business.

The bill of complaint was filed on June 10, 1912, stating, among other things, that the defendant was not a citizen of the United States but was born in Germany and was and is a subject of the Emperor of Germany, and that he had never been naturalized as a citizen of the United States. The bill prayed for relief as follows:

(A) That the approval of the application of defendant to engage in the retail liquor business be by the court declared null and void.

(B) That the license issued upon said application be decreed illegal, unauthorized, and void, and that such license be canceled by the order and decree of the court.

(C) That the defendant be restrained and enjoined, by an order and decree of the court, from further carrying on or engaging in such business.

The defendant answered without oath, denying the allegation of the bill that he was not a citizen of the United States.

The cause being at issue, it was heard upon testimony taken in open court, and it appeared that the defendant had taken out his first naturalization paper at Ft. Wayne, Ind.; that in February, 1912, he went to St. Joseph, the county seat, for the purpose of taking out his second naturalization paper and was informed by the county clerk that there must be a publication, and that he would not be able to get his second paper or become naturalized as a citizen

of the United States until September, 1912. Upon learning that he could not be naturalized until September, 1912, too late to afford him any relief as to his proposed liquor license in April, 1912, defendant made no further effort to become naturalized, but on March 12, 1912, made his application, stating under oath that he was a citizen of the United States. It further appeared that defendant had admitted on different occasions that he had never obtained his final naturalization paper. The trial court refused to grant the injunction, denied the relief prayed for, and dismissed the bill of complaint. The complainant has appealed.

Upon the hearing it appeared that authority was obtained by the prosecuting attorney from the attorney general to file the bill of complaint herein.

In the absence of evidence of the defendant, we think the evidence warrants the conclusion that defendant was not a citizen of the United States. It seems to have been the opinion of the learned circuit judge that, there being no evidence that the saloon kept by the defendant was a nuisance as matter of fact, and that it was not a nuisance *per se,* a court of equity is without power to grant relief in such a case, and that the complainant should be relegated to the criminal law for his remedy.

The complainant urges that it is clearly established that the license to the defendant was obtained through and by his fraudulent and false representation of citizenship; and that under such circumstances a court of equity has the power to and should cancel the license and order its surrender, although the offense might be punished criminally under the provisions of the statute (section 36, Act No. 291, Pub. Acts 1909).[1] In support of this position our attention is called to the case of *State* v. *Zachritz,*

---

[1] 2 How. Stat. (2d Ed.) § 5090.

166 Mo. 307 (65 S. W. 999, 89 Am. St. Rep. 711). That case holds that, although equity has no jurisdiction to restrain the commission of a crime, yet it has jurisdiction to enjoin a jockey club from exercising a privilege under a license fraudulently obtained, until such license may be canceled, although the statute makes the exercise of such a privilege, without a license, a misdemeanor. A footnote to the case as reported in the American State Reports above cited is as follows:

"An injunction will not issue to restrain a crime or a criminal prosecution. However, the fact that the acts complained of constitute a violation of the criminal law does not prevent their being enjoined" —citing *Paulk* v. *Mayor*, 104 Ga. 24 (30 S. E. 417, 41 L. R. A. 772, 69 Am. St. Rep. 128) ; *Klein* v. *Livingston Club*, 177 Pa. 224 (35 Atl. 606, 34 L. R. A. 94, 55 Am. St. Rep. 717) ; *Vegelahn* v. *Guntner*, 167 Mass. 92 (44 N. E. 1077, 35 L. R. A. 722, 57 Am. St. Rep. 443) ; *Columbian Athletic Club* v. *State*, 143 Ind. 98 (40 N. E. 914, 28 L. R. A. 727, 52 Am. St. Rep. 407) ; *Hamilton-Brown Shoe Co.* v. *Saxey*, 131 Mo. 212 (32 S. W. 1106, 52 Am. St. Rep. 622) ; monographic note to *Crighton* v. *Dahmer*, 35 Am. St. Rep. 670-681.

The authority of courts of equity to cancel certificates and other instruments executed by government officials or boards, and obtained by fraud, or obtained illegally, is well established. *Vanderbilt* v. *Mitchell*, 72 N. J. Eq. 910 (67 Atl. 97, 14 L. R. A. [N. S.] 304).

The Supreme Court of the United States has repeatedly held that bills in equity will lie to cancel patents obtained from the government by fraud of the patentee. *Johnson* v. *Towsley*, 13 Wall. (U. S.) 72, and cases there cited.

In the instant case an active fraud is charged and proved. We may well lose sight of the fact that the defendant might be prosecuted criminally, for we have frequently held that the jurisdiction of a court

of equity is concurrent with that of the law courts in cases of fraud. That is especially true where the courts of equity may grant more complete relief, where an instrument is fraudulently obtained, by compelling cancellation or surrender and by rendering equitable relief. The rule is now well established in this State that equity has jurisdiction in all cases of fraud, where complainant is entitled to relief specifically equitable, and such jurisdiction does not, in all cases, depend upon an absence of legal remedy. Where one has obtained an instrument by fraud, equity has jurisdiction to cancel it, irrespective of the legal redress that the injured party may obtain in an action at law, either as plaintiff or defendant. The following cases support this doctrine: *John Hancock, etc., Ins. Co.* v. *Dick,* 114 Mich. 337 (72 N. W. 179, 43 L. R. A. 566) ; *Mactavish* v. *Kent Circuit Judge,* 122 Mich. 242 (80 N. W. 1086) ; *Mack* v. *Village of Frankfort,* 123 Mich. 421 (82 N. W. 209) ; *Noble* v. *Grandin,* 125 Mich. 383 (84 N. W. 465) ; *Edwards* v. *Investment Co.,* 132 Mich. 1 (92 N. W. 491) ; *Fred Macey Co.* v. *Macey,* 143 Mich. 138 (106 N. W. 722, 5 L. R. A. [N. S.] 1036) ; *Hamilton* v. *Hulled Bean Co.,* 143 Mich. 277 (106 N. W. 731) ; *Roberts* v. *Sholes,* 144 Mich. 215 (107 N. W. 904) ; *Fidelity Mutual Life Ins. Co.* v. *Blain,* 144 Mich. 218 (107 N. W. 877) ; *Beaton* v. *Inland Township,* 149 Mich. 558 (113 N. W. 361) ; *Culver* v. *Avery,* 161 Mich. 322 (126 N. W. 439) ; *Gragg* v. *Maynard,* 164 Mich. 535 (129 N. W. 723). So without reference to the question whether a criminal prosecution or other action at law would lie, we are of opinion that the relief asked for here is peculiarly within the jurisdiction of a court of equity.

We think that the right of the prosecuting attorney to file this information upon the authority of the attorney general is recognized in *Village of Wolverine* v. *Cheboygan Circuit Judge,* 162 Mich. 713 (127 N. W. 744) ; *State* v. *Zachritz, supra.*

A proper disposition of this case does not render it necessary for us to decide whether, in this State, a place where intoxicating liquors are sold contrary to law is a public nuisance *per se* or not. We are of the opinion that the complainant is entitled to the relief prayed for in his bill of complaint, and a decree may be entered in this court accordingly.

The decree of the circuit court is reversed, with costs of both courts to the complainant.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, OSTRANDER, and BIRD, JJ., concurred.