LECUS *v.* TURNS.

1. CANCELLATION OF INSTRUMENTS—FRAUD—EQUITY.

    A bill to set aside a deed of real property, on the ground
    of fraud and duress and of mental incompetency on the
    part of the grantor, deceased, presents a case for equitable
    cognizance, notwithstanding that complainants in their
    bill prayed to have the conveyance canceled as a cloud on
    their title, or that defendants were in possession.

2. SAME—DISMISSAL.

    Evidence examined, and *held*, that, complainants having
    failed to establish any fraud on the part of defendants,
    the bill was properly dismissed.

Appeal from Muskegon; Sullivan, J. Submitted
October 7, 1913. (Docket No. 6.) Decided April 7,
1914.

Bill by Martha Lecus and others against John
Turns, Jr., and Jennie Turns for cancellation of a deed
of John S. Turns, deceased. From a decree for de-
fendants, complainants appeal. Affirmed.

*Turner & Turner,* for complainants.

*F. E. Wetmore,* for defendants.

McALVAY, C. J. Complainants, heirs at law of
John S. Turns, Sr., deceased, filed their bill of com-
plaint in this cause against defendants to remove a
cloud from the title to certain land in Muskegon
county, averring in said bill that their ancestor, John
S. Turns, Sr., being the owner in fee of the land
therein described, on August 1, 1896, conveyed the
same to defendant John S. Turns, Jr.; that the grantor
in said deed was at the time mentally incompetent to
make such conveyance, and that the same was pro-
cured by fraud and duress; that on November 1, 1906,
John S. Turns, Jr., by quitclaim deed, transferred the

said premises to his wife, defendant Jennie Turns; that both of these deeds were duly recorded. The bill prays that the deeds be declared void and set aside as a cloud upon the title of complainants, and further prays for general relief.

Defendants answered, claiming the benefit of a demurrer, admitting that the conveyances were made, but denying the allegations of fraud, etc., set forth in the bill, averring that the first transfer was made in good faith for a valuable consideration, in fulfillment of an agreement entered into between the parties in 1890, whereby, in consideration that defendants made a home for the grantor during his lifetime, he agreed to give them the lands described in the deed, and under such agreement they went into possession at once, and have so continued in possession without interruption until the present time; that at the time John S. Turns, Sr., gave the deed above mentioned defendant gave back to him a life lease of the premises, and agreed to support him during his natural life; that afterwards, in 1904, for the sum of $1,000 cash, paid to said John S. Turns, Sr., they purchased all his right in said premises under said life lease and contract. Defendant John S. Turns, Jr., disclaimed any interest in the premises, having deeded all such interest to his wife. Upon an issue joined a hearing was had upon proofs taken in open court. Later a decree was granted, dismissing the bill of complaint. Complainants have appealed from this decree to this court.

The record shows that from the time of the conveyance by the ancestor to them, the defendant John S. Turns, Jr., and his wife, Jennie Turns, up to the time of the transfer to Jennie Turns, these premises in question continued in the open, notorious, and exclusive possession of the defendants, and from that time up to the time of the hearing were so possessed

and occupied by said Jennie Turns. The record also shows that upon the hearing both sides introduced all the evidence they desired upon the merits of the case, and that the court decided the case upon its merits and dismissed the bill.

The contention of the defendants was in the court below, and is in this court, that a bill to quiet title cannot be maintained by one out of possession against a defendant in possession. This is answered on the part of appellants by saying that this is not a bill to quiet title, but a bill to set aside a certain deed fraudulently obtained by defendants.

In a recent case this exact question was presented, and this court held that a bill of complaint, containing averments similar to those contained in the bill in this case, was not a bill to quiet title, but to procure the cancellation of an alleged deed upon the ground that it was obtained by fraud, and therefore presented a case for equitable cognizance. *Gragg* v. *Maynard*, 164 Mich. 535 (129 N. W. 723), and cases cited.

In the instant case the averment in this bill is that the deed sought to be set aside and declared void was obtained by fraud and undue influence, and, as in the case above cited, also averred that the deed was a cloud upon complainants' title, and prayed to have such cloud removed. The contention of defendants, therefore, cannot be sustained.

We have examined all of the evidence presented in the case to the court. It will be of no benefit to the profession to rehearse it in this opinion. The complainants upon the hearing abandoned all claim of undue influence, and failed to establish any fraud on the part of defendants. There is abundant evidence in the record to support the conclusion of the circuit court that the conveyance by the father to his son John Turns, Jr., was made in good faith and for a valuable consideration.

We, therefore, affirm the decree. John Turns, Jr., having disclaimed all interest in the premises, defendant Jennie Turns will recover costs against complainants to be taxed.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.