## AINSCOUGH *v.* O'SHAUGHNESSEY.

1. EQUITY—PLEADING—MOTION TO DISMISS—COURT RULES.

   Motion to dismiss plaintiff's bill of complaint for failure to plead specific facts supporting claim of fraud, filed after hearing plaintiff's proofs came too late (Court Rule No 27, § 6 [1945]).

2. SAME—PLEADING.

   A bill in equity is sufficient, where based on fraud, if the substance of the transaction and the result is alleged.

3. SAME—ADEQUACY OF REMEDY AT LAW—JURISDICTION.

   Equity will not take jurisdiction if the party seeking relief has a complete remedy at law, in the absence of some feature or circumstance within the province of equity.

4. SAME—FRAUD—JURISDICTION.

   A court of equity has concurrent jurisdiction in actions involving fraud, where something more than a money judgment is necessary to work out the rights of the parties.

5. SAME—FRAUD—INJUNCTION—RESCISSION.

   Plaintiff who claimed fraud in a transaction involving the purchase of an automobile who sought an injunction against further proceedings against him, rescission of the contract and return of the car traded in, was fairly within the jurisdiction of a court of equity.

6. FRAUD—RESCISSION—PURCHASE OF AUTOMOBILE—EVIDENCE.

   Decree for plaintiff in suit based on rescission of contract for

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  17 Am Jur, Dismissal and Discontinuance § 44.
[2]  24 Am Jur, Fraud and Deceit § 244.
[3, 4]  24 Am Jur, Fraud and Deceit § 189.
[5]  24 Am Jur, Fraud and Deceit § 192 *et seq.*
[7]  23 Am Jur, Fraud and Deceit § 76 *et seq.*
[8]  23 Am Jur, Fraud and Deceit § 106 *et seq.*
[9–12]  24 Am Jur, Fraud and Deceit § 195 *et seq.*

purchase of an automobile and return of car traded in because of fraud involved *held,* supported by proofs.

7. SAME—INTENTIONAL FAILURE TO GIVE INFORMATION REQUIRED.

A deliberate and intentional failure to give information may properly be regarded as fraudulent in character when the circumstances of a transaction are such as to require a party to do so.

8. SAME—INTENT NOT TO PERFORM PROMISED ACT.

The making of a representation by a party to a particular transaction indicating an intention to perform a certain act may be treated as fraudulent if, in fact, no such intent existed at the time.

9. EQUITY—RESCISSION OF CONTRACT.

Offer to return car, the subject of a claimed fraudulent transaction, as contained in bill of complaint, together with proof of unaccepted tender of return of the car upon offer to rescind constituted sufficient basis for recovery in equity based on effort to rescind.

10. SAME—RESCISSION—INJUNCTION AGAINST REPOSSESSION—PREJUDICE.

Plaintiff purchaser of car from defendant dealer was properly not denied relief of rescission against such defendant, notwithstanding no bond was filed so as to keep in force and effect a temporary injunction against defendant finance company restraining repossession of the car, where it does not appear defendant dealer has been prejudiced.

11. SAME—RESCISSION—DELAY.

Plaintiff acted with reasonable promptness in filing bill to rescind purchase of automobile, where car was purchased very late in September, adjustment of claimed fraud was sought about 2 months later and suit was started in mid-December and defendant dealer does not appear to have been prejudiced by the alleged delay.

12. SAME—RESCISSION OF PURCHASE OF CAR.

Provision of decree in suit for fraud based on rescission of purchase of an automobile that defendant dealer return the car traded in or pay plaintiff $1,000 is not disturbed, where it appears the trial court sought to return to plaintiff an amount that would constitute fair compensation for the traded-in car and also the record does not disclose that it will be impossible for defendant to make such return.

Appeal from Ingham; Coash (Louis E.), J. Submitted June 12, 1956. (Docket No. 52, Calendar No. 46,729.) Decided September 4, 1956.

Bill by Leslie J. Ainscough against Dan O'Shaughnessey and Associates Discount Corporation, an Indiana corporation, to rescind contract for purchase of automobile. Decree for plaintiff. Defendant O'Shaughnessey appeals. Affirmed.

*Gregg, Glassen, Parr & Rhead (R. F. Rhead,* of counsel), for plaintiff.

*Williams & Jenkins (James W. Williams,* of counsel), for defendant.

CARR, J. This is a suit in equity for injunctive relief and for rescission of a contract for the purchase of an automobile. In September, 1953, defendant O'Shaughnessey, hereinafter referred to as the defendant, was operating an automobile sales agency in the city of Lansing. Plaintiff sought employment by defendant, and to that end interviewed the manager of said agency. The conversation between the parties resulted in the employment of plaintiff and also in his purchase of a DeSoto automobile.

The bill of complaint filed in the cause averred that it was agreed between the parties that plaintiff should receive a discount of $400 on the regular price of the motor vehicle concerned, and that he should be allowed the sum of $1,225.94 for a Cadillac sedan that he turned in as part payment. Plaintiff further set forth in his pleading that an instalment sales contract was prepared but that he was not furnished a copy thereof at the time,* and did not procure such copy until several weeks later. Exhibits introduced

---

* See PA 1950, No 27, § 12 (c) (CLS 1952, § 492.112 [Stat Ann 1953 Cum Supp § 23.628(12)]).—REPORTER.

on the trial indicate that the purchase agreement as first prepared contemplated an allowance for the Cadillac as claimed by plaintiff, and also the granting of the discount. On one of said exhibits, however, which apparently bore the signatures of the parties, the amount of the said sum of $1,225.94, entered in ink, was crossed out and a pencil notation made above it indicating that the allowance for the Cadillac was $807.47. The bill of complaint further alleged that the attempted reduction in the trade-in value of the Cadillac to the sum reported in the statement of motor vehicle sale was intended to, and in fact did, deprive him of the benefit of the agreed discount. On the basis of said facts plaintiff asserted that defendant was guilty of conduct constituting fraud and deceit and that said plaintiff was induced thereby to make the purchase agreement.

It appears from the record that immediately following the transaction referred to the contract was negotiated by defendant to the Associates Discount Corporation, the other defendant in the suit. Plaintiff was furnished by the latter with a so-called "payment book" and shortly after the purchase of the DeSoto by him he made the first payment to the discount corporation. It was his claim on the trial, in substance, that he did not understand at the time, because of his failure to have a copy of the purchase agreement in his possession, that defendant sought to ignore the statements made at the time of the transaction with reference to the discount. On the filing of the bill of complaint plaintiff sought and obtained an injunction restraining the Associates Discount Corporation from repossessing the DeSoto automobile pending the further order of the court. Because of plaintiff's failure to file a bond to protect the discount corporation said injunction was subsequently dissolved. Thereafter the car was repossessed.

The defendants filed separate answers to the bill of complaint, the Associates Discount Corporation specifically denying that at the time it purchased the contract from O'Shaughnessy it had knowledge whatsoever with reference to any fraudulent conduct on the part of the latter or the latter's employees. It asserted that it took the obligation in good faith, and that in consequence plaintiff was not entitled to relief as against it. Defendant's answer denied plaintiff's claims as to fraud, admitting, however, certain overcharges in small amounts to which plaintiff had referred in his bill of complaint, and offering to reimburse plaintiff therefor.

On the hearing in circuit court plaintiff offered proofs in support of the allegations of his bill of complaint. At the conclusion of said proofs counsel for defendant moved to dismiss the case. The motion was taken under advisement by the circuit judge and defendants then introduced testimony for the purpose of rebutting plaintiff's claims. On the record factual issues were presented for the determination of the court. Based on the conclusions set forth in a written opinion a decree was entered in plaintiff's favor granting rescission of the contract in issue on the ground of fraud and misrepresentation, and enjoining both defendants from attempting to secure from the plaintiff any money deficiency claimed by them because of the transaction. Defendant was also required to return to plaintiff the Cadillac automobile or, in lieu of such return, to pay to plaintiff the sum of $1,000. Defendant was also required to pay the further sum of $18.47 because of the overcharges admittedly made. From such decree defendant has appealed, alleging errors in the determination of the trial court and asking that the suit be dismissed upon payment by defendant of said sum of $18.47.

On behalf of appellant it is argued that the motion to dismiss the bill of complaint should have been granted at the conclusion of plaintiff's proofs because of the failure of the pleading to set forth grounds for equitable relief. Reliance is placed on the well-established rule that general allegations of fraud without averment of specific facts are insufficient to state a cause of action. An examination of plaintiff's pleading discloses, as before set forth, his claim that he was defrauded and deceived in the transaction through and because of the conduct of defendant. It does not appear that the sufficiency of the allegations of fraud was challenged until after the conclusion of plaintiff's proofs on the trial. Had defendant desired to question the pleading he should have done so within the time and in the manner indicated by Michigan Court Rule No 27, § 6 (1945). This he did not do. We may infer that the circuit judge, after consideration of the motion made on the trial, determined that it was without merit. It may be noted that the specific grounds of said motion are not set forth in the record, but, based on the argument in counsel's brief, we may assume that the claim was advanced that the averments of the bill were insufficient to state a cause of action. We think that the trial judge correctly disposed of the matter, and that determination of the cause was properly based on the merits as indicated by the proofs.

The conclusion reached with reference to the sufficiency of plaintiff's bill of complaint finds support in the statement of the general principle recognized and applied in *Spelman* v. *Addison,* 300 Mich 690, 702. It was there said:

"In recent years, at least, this Court has taken a liberal attitude in passing upon sufficiency of pleadings. On the law side of the court it is provided: 'The declaration shall contain such specific allegations as will reasonably inform the defendant of the

nature of the cause he is called upon to defend.'
Court Rule No 19, § 1 (1933).* As to pleadings gen-
erally it is provided by rule: 'All pleadings must
contain a plain and concise statement without repe-
tition of the facts on which the pleader relies in stat-
ing his cause of action or defense, and no others.'
Court Rule No 17, § 1 (1933). In the instant case
plaintiffs' claimed right to relief is based upon al-
leged fraud and misconduct of defendants. Plain-
tiffs' suit is planted on the equity side of the court
because they seek an accounting and injunctive re-
lief. In a case of similar character wherein the bill
of complaint was dismissed in the circuit court on the
application of defendants, we reversed the order of
dismissal and said:

" 'The facts upon which the claim of fraud is based
must be alleged, rather than conclusions, but it is
sufficient if the substance of the transaction and the
result is alleged.' *Watson* v. *Wagner* (syllabus), 202
Mich 397."

This brings us to a consideration of the principal
issue in the case, that is, whether the evidence on the
trial in circuit court justified the decree entered.
Appellant contends that no proper basis was estab-
lished for the granting of equitable relief. It is sug-
gested that under his claim as to the facts plaintiff
had an adequate remedy at law by way of damages.
It has been established by prior decisions of this
Court that equity will not take jurisdiction if the
party seeking relief has a complete remedy at law,
in the absence of some feature or circumstance with-
in the province of equity. *Marshall* v. *Ullmann*, 335
Mich 66, and prior decisions there cited.

In *Berger* v. *Roe*, 179 Mich 184, the jurisdiction of
equity was challenged in a suit brought for the can-
cellation of a land contract and to quiet title. The

---

*The Court Rules cited are identical with the 1945 rules.—RE-
PORTER.

trial court dismissed on demurrer. In discussing the situation presented on appeal, it was said (p 188):

"It is urged, however, that equity has jurisdiction because of the allegation of fraud in the bill. It is well settled in this State that courts of law and equity have concurrent jurisdiction in cases of fraud, but, as was said in the case of *Detroit Trust Co. v. Old National Bank of Grand Rapids,* 155 Mich 61, 65:

" 'In this State equity has not taken jurisdiction of cases where a suitor has a full, complete, and adequate remedy at law, unless it is shown that there is some feature of the case peculiarly within the province of a court of equity.'

"The bill prays that the contract be declared null and void and that complainant be wholly released from all the requirements in the same. This is specific relief, especially equitable, and, in our opinion, brings the case within equity jurisdiction.

"A careful review of many of the decisions of this Court on this question will be found in *Fred Macey Co. v. Macey,* 143 Mich 138 (5 LRA NS 1036). In *Mack v. Village of Frankfort,* 123 Mich 421, cited by defendants, complainants merely sought a money judgment and there was no prayer for relief peculiar to courts of equity. See, also, *Hamilton v. American Hulled Bean Co.,* 143 Mich 277; *Roberts v. Sholes,* 144 Mich 215; *Fidelity Mutual Life Insurance Co. v. Blain,* 144 Mich 218; *Beaton v. Township of Inland,* 149 Mich 558; *Culver v. Avery,* 161 Mich 322."

*Mulheron v. Henry S. Koppin Co.,* 221 Mich 187, is in accord with the *Berger Case.* In upholding the jurisdiction of equity, it was said (pp 192, 193):

"If not before, at least since the decision in *John Hancock Mutual Life Insurance Co. v. Dick,* 114 Mich 337 (43 LRA 566), this Court has recognized the concurrent jurisdiction of the court of equity in actions involving fraud where something more than a money judgment is necessary to work out the rights of the

parties. It is possible that this Court went further in that case than in those which preceded it. In *Mactavish* v. *Kent Circuit Judge*, 122 Mich 242, this Court was asked but declined to overrule it. Other efforts have unsuccessfully been made to have the Court recede from the doctrine there announced. In *Fred Macey Co.* v. *Macey*, 143 Mich 138 (5 LRA NS 1036), Mr. Justice Grant and Mr. Justice Hooker, both of whom wrote in the case, fully review the authorities and sustain the jurisdiction of a court of equity. The opinions are so full in that case that we refrain from further citation of authorities on this question. We have not, however, gone to the length of holding that courts of equity have concurrent jurisdiction in all cases where fraud is involved; and where a money decree only is sought jurisdiction in equity has been denied in numerous cases, illustrative of which are *Flint* v. *Le Heup*, 199 Mich 41, and cases cited at page 49. But where something beyond a money decree is sought and the interposition of a court of equity is necessary to work out the rights of the parties this Court has not been grudgeful in entertaining equity jurisdiction. In the instant case cancellation of a written instrument is sought and relief from a forfeiture asked. Both furnish grounds for equitable relief, and the court of equity having assumed jurisdiction will retain it to work out the rights of the parties. The plaintiffs have sought the proper forum."

The foregoing excerpt from the opinion in the *Mulheron Case* was quoted in part in *Geel* v. *Valiquett,* 292 Mich 1, 11, 12, and other decisions of like import cited.

We think the instant case is within the rule recognized and applied in the foregoing decisions. Plaintiff here sought injunctive relief against further proceedings against him, the rescission of the contract, and the return to him of the Cadillac automobile. The granting of such relief is fairly within the jurisdiction of a court of equity. The circuit judge,

weighing the testimony of the witnesses before him, determined the factual issues in favor of the plaintiff. On this record we are not prepared to say that we would have reached a different conclusion had we been hearing the matter in the first instance.

Plaintiff's proofs introduced on the trial, as well as the allegations of his bill of complaint, suggest by necessary inference the claim on his part that defendant wrongfully concealed from him a material fact, that is, the insertion of the penciled notation in the sales agreement indicating a reduction in the allowance made for the Cadillac automobile. When the circumstances surrounding a particular transaction are such as to require the giving of information, a deliberate and intentional failure to do so may properly be regarded as fraudulent in character. *Fred Macey Co.* v. *Macey,* 143 Mich 138 (5 LRA NS 1036); *Face* v. *Hall,* 177 Mich 495. It is likewise true that the making of a representation by a party to a particular transaction indicating an intention to perform a certain act may be treated as fraudulent if, in fact, no such intent existed at the time. In dealing with a situation of this nature it was said in *Rutan* v. *Straehly,* 289 Mich 341, 348, 349:

"We are not unmindful of the general rule that fraud cannot be predicated upon statements promissory in nature and relating to future actions, or upon failure to perform a promise or an agreement to do something at a future time. There are exceptions to this rule, for fraud may be predicated on the nonperformance of a promise in certain cases where the promise is the device used to accomplish the fraud, or where a relation of trust and confidence exists between the parties. 12 RCL, p 257. Another exception is when the fraud is based upon a promise accompanied by a present intention not to perform it. 12 RCL, p 261.

"No proof of defendant's intent at the time of the alleged fraudulent transaction was produced. But the facts and circumstances of the case justify but one reasonable inference; that is, that defendant's promise was the device used to accomplish the fraud which consisted of obtaining his own notes from plaintiff and promising, but failing, to give her any obligation of value in return."

On the trial of the case plaintiff testified that when he discovered, as he claimed, that he had been deceived with reference to the sales agreement for the purchase of the DeSoto, he endeavored to have the matter adjusted but that defendant refused to do anything about it. Plaintiff claimed further that he offered to return the DeSoto and defendant replied that he did not want it. It is conceded that no formal tender of the car with a certificate of title thereto was made. Appellant contends that what plaintiff did was not a sufficient effort to rescind. It must be borne in mind, however, that this is not an action at law to recover on the basis that a rescission had previously been made, but is a suit in equity to obtain that form of relief. Under the showing made as to defendant's attitude toward a rescission, we think it may well be said that plaintiff demonstrated his good faith and left no doubt as to his position in the matter. He is not precluded from maintaining this equitable action because of failure to make actual tender of the automobile. It may be noted further that the bill of complaint expressly offered the return of the DeSoto purchased by plaintiff from defendant.

It is further suggested that relief should have been denied to plaintiff because of his failure to file bond in order to keep in force and effect the temporary injunction restraining repossession of the automobile. Said injunction was issued against the Associates Discount Corporation, the owner of the con-

tract at the time of the starting of the suit. It does not appear that this appellant was in any way prejudiced as a result of plaintiff's decision with reference to the filing of the bond required as a condition for the continuance of the temporary order. The discount corporation has not appealed from the decree.

The trial court concluded that plaintiff, after learning of defendant's conduct, as he claimed, acted with reasonable promptness. The automobile was purchased on the 28th or 29th of September, 1953. The attempted adjustment of the matter occurred approximately 2 months later, and plaintiff's suit was filed on December 17th following. Under the circumstances it may not be said that there was any unreasonable delay on plaintiff's part after he procured the papers indicating to him the true situation. Neither does it appear that appellant was in any way prejudiced due to the alleged delay.

As before noted, the decree entered required defendant to return to plaintiff the Cadillac automobile involved in the transaction, or to pay plaintiff the sum of $1,000. Appellant says that there was no proper basis on which to determine the amount of such payment. It may be inferred that the court reduced the valuation of the Cadillac as fixed by the parties to the sum indicated because of the fact that plaintiff had the DeSoto in his possession until it was repossessed following the dissolution of the temporary injunction on January 15, 1954. Obviously it was sought to return to plaintiff an amount that would constitute as to him fair compensation for the Cadillac as of the time that suit for rescission was instituted, having in mind that the value of an automobile decreases with use and the lapse of time. It may be noted that the opinion of the trial judge setting forth his conclusions as to the relief to which plaintiff was entitled was filed approximately a

month before the decree was entered. It does not appear that appellant undertook to procure the reopening of proofs for the purpose of challenging the finding of the amount that ought to be paid in lieu of the return of the Cadillac. Furthermore, the record does not disclose that it will be impossible for defendant to make such return. Under the circumstances we conclude that the provision of the decree in question was not improper and does not require reversal.

The decree is affirmed, with costs to plaintiff.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, BOYLES, KELLY, and BLACK, JJ., concurred.